## Shields and wife, late Mary Shubert *against* William Irwin and Joseph Reed, esq., executors of Thomas Mifflin, esq.

T. M. executed an instrument under seal, declaring, that in consideration of the care and attention shown him by M. S. during his illness, he was justly indebted to her, and declaring that his executors or administrators should pay her in 1 year after his decease $1000, which was delivered to M. S.; held to be an obligation and not a testamentary disposition.

JUDGMENT was confessed in favour of the plaintiffs, subject to the opinion of the court, on the following case.

Thomas Mifflin, esq. executed an instrument of writing as *follows : " In consideration of the care and attention [*390 "shewn to me by Mary Shubert, formerly of German- "town, during several severe fits of illness, I acknowledge my- "self justly indebted to her, and as a consideration for her said "care and attention, I hereby declare that my executors or ad- "ministrators, as the case may be, shall in one year after my "decease, pay to the said Mary Shubert one thousand dollars, "and the value of twenty-five pounds in furniture for a room, be- "sides a bed and its furniture.　Witness my hand and seal this "13th day of January 1796.　　　Thomas Mifflin, L. S."

And·then and there delivered the same to the above named Mary Shields, then Mary Shubert.　Susan Stone was present at the execution thereof, but did not subscribe the same as a witness.　The said Thomas Mifflin afterwards, on the 29th November 1797, duly executed a last will and testament, and appointed the above named defendants his executors, who have proved the will and taken upon themselves the execution thereof.

The question for the opinion of the court is, whether the above instrument be an obligation for the payment of money, upon which an action of debt may be sustained against the executors, or a testamentary disposition?　If the court shall be of opinion that it is an obligation, then the above judgment to remain in force.　But if they shall be of opinion, that it is a testamentary disposition, then the above judgment to be set aside, and a judgment of nonsuit entered.

March 12, 1802.　　　　*S. Levy,* pro quer.
　　　　　　　　　　　*John Sergeaut,* pro def.

The case was submitted to the court without argument.

The court were clearly of opinion, that the instrument operated as an obligation, by the intention of ·the parties.　It was given for a just debt, and was delivered to the creditor.　The payment only was deferred until after his death, and was then to be made by his legal representatives.　In this there is nothing illegal.　(*Vide* 8 Term Rep. 483.)

　　　　　　　　　　　Judgment for the plaintiffs.