# Wilson *versus* Van Leer.

A. executed and delivered to B. the following paper :

"August 13th 1865

"I give thes fiew lines to Caroline Carman to show that I want her to have the sum of twelve hundred dolars at my death she livd with mee A number of years And get verry little for it so i thought It rite to leave her This little sum to be paid to her out of my home property.

"from NEEDHAM WILSON."

After Wilson's death the said Caroline brought assumpsit against his executors, the narr. containing a count on the above paper, and another count in quantum meruit: *Held,*

(1) That the paper was testamentary in its nature, and would not support an action of assumpsit.

(2) That said paper, not having been admitted to probate, was inadmissible in evidence under the general claim for services.

May 15th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas of *Lancaster county :* Of January Term 1883, No. 95.

Assumpsit, brought August 18th 1877, by Joseph Van Leer and Caroline, his wife, formerly Caroline Carman, in her right, against Sidwell T. Wilson and Needham M. Wilson, executors of Needham Wilson, deceased. The narr. contained a count upon the instrument printed in the above syllabus, and a count in quantum meruit for work and labor done, &c. Plea, non assumpsit infra sex annos.

On the trial, before PATTERSON, J., it was admitted that Needham Wilson died September 22d 1872. The plaintiff offered in evidence the above instrument of writing. Objected to, because it is testamentary in its character, and should be admitted to probate to give it any validity. Objection overruled, and paper admitted, the court "holding that said paper under the facts is not testamentary in its character." Exception.

The plaintiffs submitted evidence showing the execution and delivery of said paper by Needham Wilson to the plaintiff, Caroline, about the time of its date ; also evidence as to the services rendered by her to him, and their value.

Verdict for the plaintiffs for $1,287.83, and judgment

[Wilson *v.* Van Leer.]

thereon. The defendants took this writ of error, assigning for error, inter alia, the admission of said paper in evidence.

*Reynolds* (*J. Hay Brown* with him), for the plaintiffs in error.—The instrument in question was testamentary in its character, and therefore would not support an action of assumpsit. Not having been admitted to probate, it was inadmissible in evidence under the common counts: Fosselman *v.* Elder, 2 Out. 159.

*A. Herr Smith* and *D. G. Eshleman*, for the defendants in error.—Fosselman *v.* Elder is inapplicable, as in that case the paper in question had not been delivered, but was found among the papers of the maker after her death, while in this case the paper was delivered by the maker in his lifetime to the payee, and was thus an executed contract, to pay unconditionally a certain sum to a certain person at a specified time. A written promise to pay a certain sum of money at the death of the promisor is valid: Story on Prom. Notes, § 27; Byles on Bills *72. Even if not good as a promissory note, it was properly admitted as evidence of an agreement: Byles on Bills *74.

Mr. Justice PAXSON delivered the opinion of the court, June 4th 1883.

The first assignment raises the controlling question in this case. It alleges that the court below erred in admitting in evidence the following paper:

"August 13th 1865.

"I give thes fiew lines to Caroline Carman to show that I want her to have the sum of twelve hundred dollars at my death she livd with mee A number of years And got verry little for it so i thought It rite to leave her This little sum to be paid to her out of my home property

from NEEDHAM WILSON."

The suit below was an action of assumpsit upon this paper. If it is an obligation for the payment of money, or as the court below expresses it, "a note of promise," it was not error to admit it in evidence. It is equally clear that if it was a testamentary paper it should have been excluded. This is the precise question for our consideration.

Blackstone defines a will to be "the legal declarations of a man's intentions which he wills to be performed after his death :" Vol. 2, p. 499. The essence of the definition is that it is a disposition to take effect after death : Redfield on Wills 5 ; Turner *v.* Scott, 1 P. F. S. 126. The form of the instrument is immaterial if its substance is testamentary ; Rose *v.* Quick, 6 Casey 225 ; Frederick's Appeal, 2 P. F. S. 338 ; Patterson *v.* English,

[Wilson *v.* Van Leer.]

21 Id. 458 ; Frew *v.* Clarke, 30 Id. 170; Fosselman *v.* Elder, 2 Out. 159.

In the light of these authorities we have no hesitation in saying that this paper is testamentary in its character. It passes no present interest. It contains no promise to pay. The testator says he wants Caroline Carman to have twelve hundred dollars after his death, and that he "thought it right to leave her this little sum, to be paid her out of my home property." The reason he gives for the bequest is that " she lived with me a number of years and got very little for it."  While this is a sufficient reason for leaving a sum of money to a stranger to his blood, it falls short of an acknowledgment of an existing legal liability.  There is no admission that he had not paid her all he contracted to, or all that she was legally entitled to demand.  It was an act of bounty, pure and simple, to take effect after his death.  It fills the precise measure of a will and nothing else.

It was urged, however, that inasmuch as the paper was delivered during the lifetime of the testator, it was irrevocable and in the nature of a contract or obligation, and hence does not come within the ruling in Fosselman *v.* Elder, supra.  But in Frew *v.* Clarke, the paper had been delivered precisely as in this case.  Frew *v.* Clarke was strongly contested in the court below and in this court. It has never been supposed that the delivery of a testamentary paper to the person beneficially interested, where no present interest passes, destroyed the testator's power of revocation.  It is still ambulatory ; to take effect only after death in case it is not revoked.

The paper, not having been admitted to probate, was not entitled to go to the jury, and the learned judge clearly erred in admitting it.  This view of the case renders a discussion of the remaining assignments superfluous.

Judgment reversed.