## Megary's Estate.

*Will—Nuncupative will—Last illness.*

Where a woman after having failed to make a written will in her last illness, calls several witnesses to her in her own house and asks them to bear testimony that it is her desire that her property should go to certain persons named in equal proportions, and this declaration is reduced to writing on the following day and signed by the witnesses, it is proper that the will so made should be probated as a nuncupative will.

Submitted March 15, 1904. Appeal, No. 20, March T., 1904, by Henry L. Hepfer, from decree of O. C. Cumberland Co., admitting to probate nuncupative will of Sarah Megary, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Appeal from register of wills.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*J. W. Wetzel,* of *Wetzel & Hambleton,* for appellant.—The testimony should clearly show that when made the testatrix was in such extremity of her last sickness as to preclude the making of a written will : Boyer v. Frick, 4 W. & S. 357 ; Werkheiser v. Werkheiser, 6 W. & S. 184; Yarnall's Will, 4 Rawle, 46 ; Stricker v. Groves, 5 Wh. 386 ; Wiley's Estate, 187 Pa. 82 ; Rutt's Estate, 200 Pa. 549.

*F. E. Beltzhoover*, with him *H. M. Zug* and *E. M. Biddle, Jr.*, for appellees.—The testimony can leave no doubt that the will was made in the extremity of decedent's last illness : Meisenhelter's Will, 38 Leg. Int. 294; Wiley's Est., 187 Pa. 82.

Decedent intended to make her will and to nuncupate: Meisenhelter's Will, 38 Leg. Int. 294.

OPINION BY BEAVER, J., May 19, 1904 :

In order to the validity of a nuncupative will, as appears by the provisions of the statute of April 8, 1833, P. L. 249, sec. 7, and the decisions of the Supreme Court relating thereto, seven distinct requisites must affirmatively appear and be clearly proved :

1. It must relate to personal property.

2. It must be made during the last sickness of the testator and, as stated in Werkheiser v. Werkheiser, 6 W. & S. 184, and Taylor's Appeal, 47 Pa. 31, in such extremity thereof as precluded a written will.

3. It must be made " in the house of (testator's) habitation or dwelling or where he has resided for the space of ten days or more next before the making of such will, except where such person shall be surprised by sickness, being from his own house, and shall die before returning thereto."

4. " Where the sum or value bequeathed shall exceed one hundred dollars, it shall be proved that the testator at the time of pronouncing the bequest did bid the persons present, or some of them, to bear witness that such was his will or to that effect."

5. " In all cases the foregoing requisites shall be proved by two or more witnesses who were present at the making of such will."

6. The decedent must have intended to make a will which was to be a nuncupative one.

7. As declared in Taylor's Appeal, 47 Pa. 31, the testimony relating to the said will or the substance thereof must be committed to writing within six days after the making of such will.

The first, third, fifth and seventh of these requisites are conceded, or at least not disputed, by the appellant.   Counsel for appellant deny (1) that " the decedent intended to nuncupate ; " (2) that " she was in the extremity of her last sick-

ness," and affirm (3) that "there was ample time after the alleged nuncupation to have made a written will."

As bearing upon the intention of the testatrix to nuncupate, it appears that, according to the testimony of one of the witnesses, which is not denied, she had attempted to make a written will and just as she was about to dictate the provisions thereof she had what the witness called "another stroke and from that on until she had this conversation on the 21st, didn't talk to anyone."

On the 21st, when the alleged nuncupation took place, no one was summoned to write. As was stated by Mrs. Bownawell: "She called us to her and said that she wanted to arrange her affairs and she wanted us to bear testimony to that effect; and she said that her property should be divided equally among the persons named: Mrs. Kate Lesher, Mrs. Annie Cormany, Mrs. Ed. Hacker, Mrs. Margaret Boggs and Mrs. A. J. Ege, her stepdaughter. She said that she thought she was very sick and that her race was almost run and she didn't believe she would recover and she did not wish her property divided among —scattered out among her relatives; there were so many of them; and she wished that those who had done the most for her—meaning those whom she had visited and stayed with— that they were the ones that should have her property. That day Mrs. Metcalf, who was present, said she would have to go home; that she was so much better that day; and she (Mrs. Megary) said: 'We can't spare you; I want to arrange my affairs before you go,' and then what I have already stated was what she said. She was very weak that day and could only speak a little while at a time; she could not talk at any length." In answer to the question, "Q. Was she able at any time after that to have conversed or directed or written a will?" the witness said: "She was not. I don't know whether I can say that she just had a stroke but it was something similar to that: she was unconscious a great part of the time; she was not really herself after that; a very short time after she said this, during that day, she was not herself; she had what we thought a spasm—I suppose a slight stroke."

Mrs. Metcalf, a niece of the testatrix, who, if the will was not sustained, would have inherited a part of her estate and who was one of the witnesses, testifies to the same effect and

said: " She told us then that she wanted her property divided among some of my nieces and she named them and she pointed to Mrs. Ege and said: 'She is my daughter; I raised her' (she was her stepdaughter) 'and I want it divided with her too.' We asked her how she wanted it divided and she said 'I want it divided equally among those five,' and then she said, 'I am glad it is done; I am certainly glad it is all fixed.'" The latter expression is inconsistent either with the idea of having the will reduced to writing or of the testatrix signing it.

The testimony which we have quoted, together with other of like tenor and effect, seems to us to meet all the requisite conditions denied by the appellant. She did intend what she said to the witnesses to be a nuncupative will, although not called by that name; she was in the extremity of her last sickness and there was not time, after the alleged nuncupation, to have made a written will.

Yarnall's Appeal, 4 Rawle, 46, although decided before the act of April 8, 1833, declares what has been held to be both, before and since the passage of the act, the attitude of courts in regard to nuncupative wills which is that, though tolerated, they are by no means favorites of the law, and it has been consistently and uniformly held that all the essential requisites of a nuncupative will must be clearly established by competent testimony. In this respect the late cases of Wiley's Estate, 187 Pa. 82, and Rutt's Estate, 200 Pa. 549, are simply declarative of the law as it has existed both before and since the passage of our act. Whilst we do not relax in the least these stringent requirements and the rules as to the character of the evidence necessary to establish them, it is clearly our duty to give force and effect to the law which provides for those exceptional cases of which this is a striking example.

Some light as to the intention of the testatrix may be gathered from the paper which in Megary's Estate, 206 Pa. 260, although in form an obligation, was declared to be in substance and effect testamentary as to the amount therein directed to be paid to Mrs. Ege, one of the beneficiaries under the nuncupative will, for services rendered by her to the decedent. In that paper it is declared by the testatrix: " I also wish it to be understood that the above mentioned compensation shall not affect any right that she (Mrs. Ege) may have,

as devised to her in any will or testament of mine that may be in force at the time of my decease." The Supreme Court, in commenting upon this paragraph, said : " Any bequest to Mrs. Ege in a subsequent will in force at the testatrix's death was to be regarded as cumulative to the one given her in this instrument." The decedent evidently intended at that time to make another will. She attempted to do so in writing in the early part of April, in which she failed, and only succeeded in carrying her intention into effect by making the disposition of her property offered for probate as a nuncupative will, which, as we have already seen and as the court below decided, had all the requisites thereof and was, therefore, entitled to probate as such.

Decree affirmed and appeal dismissed at the costs of the appellant.