## Losch's Estate.

*Will—Testamentary character of paper—Specific performance.*

It is not error for the orphans' court to construe a paper as testamentary in character, and to refuse specifically to enforce it, where the writing states: "I will give my home......to" a woman named "for special favors and honest kind work and good service ......during the last three months and before. she shall have my home which I promised to her......for staying with me. to the end of my life. I order my executor......to sign said deed......and after my death to hand and deliver said deed to her." In such a case what is to be done to make the writing effective, is to be done by the executor.

Argued Feb. 3, 1919. Appeal, No. 30, Jan. T., 1919, by Angelina Kern Schaffer, from decree of O. C. Lehigh Co., Jan. T., 1914, No. 38, refusing specific performance in Estate of Charles Losch, deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING and SIMPSON, JJ. Affirmed.

Petition for specific performance.

GROMAN, P. J., filed the following opinion:

Charles Losch died testate on or about the 17th day of November, 1913. Five days before his death, on November 12, 1913, it is alleged he signed the following paper writing:

"I will give my home Furnished as it now is all of 619. Linden st. to my present housekeeper who is now takeing care of me to Angelina Kern. For special favors and honest kind work and good service she has done for me during the last three month and before. she shall have my home which I promised to her. Also for the last three years past for staying with me. to the end of my life. I name and order my executor James Kressler. lawful to sign said Deed over to in her name. and after my death to hand and deliver said deed to her. Angelina Kern. Witness my hand and seal. (Signed) Charles Losch (Seal) In the presence of Angie Kern."

On October 21, 1917, Angelina Kern, now Schaffer, filed a petition in the Orphans' Court of Lehigh County, Pennsylvania, praying for specific performance and a decree, founded on said prayer, claiming it to be a contract. The answer denies such construction of it, but contends that it is testamentary in its character. Blackstone defines a will as "The legal declaration of a man's intention which he wills to be performed after his death"; Kent's Commentaries defines it as a writing disposing of real and personal property, or both, to take effect after the death of the maker, and such writing is generally denominated as "last will and testament." The writing is not restricted to any particular form under statutory provision, or any particular language, if the obvious purpose of the writing is to effect a disposition of the maker's property after death. The essence of the definitions relative to a will is that it is a disposition to take effect after death; whatever the form of the instrument, if it vests no present interest, but only directs what is to be done after the death of the maker, it is testamentary: Turner v. Scott, 51 Pa. 126;

Wilson v. Van Leer, 103 Pa. 600; Megary's Est., 206 Pa. 260.

Turning to said writing and eliminating words not directly essential, so as to secure a proper perspective, we find it would read as follows: "I will give my home ......619 Linden St. to......Angelina Kern. For special favors and honest kind work and good service ......during the last three month and before. She shall have my home which I promised to her......for staying with me. to the end of my life. I......order my executor James Kressler......to sign said deed ...... and after my death to hand and deliver...... said deed to......Angelina Kern." The maker of the writing was then quite old, and the writing was made within a few days of his death. The beneficiary named in it, had been with him as housekeeper for upwards of three years; the maker evidently intended to further provide for her for the care and attention she had given him in his later years; the paper indicates that such was the moving cause; the language used is as follows: "for special favors and honest kind work and good service she has done for me during the last three month and before. She shall have my home which I promised to her. Also for the last three years past for staying with me. to the end of my life." That the writing was to take effect in futuro is shown by the following expressions used: "I will give," "She shall have," "I name and order my executor, James Kressler lawful to sign said deed over to in her name, and after my death to hand and deliver said deed to her, Angelina Kern." She was to have no present interest; what was to be done to make the writing effective, was to be done by the executor, after the maker's death. It was testamentary in its character.

Now April 1, 1918, prayer for specific performance refused.

Petitioner, Angelina Kern Kessler, appealed.

1919.]      Assignment of Error—Opinion of the Court.
*Error assigned* was decree of the court.

*Claude T. Reno,* with him *Charles W. Kaeppel* and *James L. Schaadt,* for appellant.

*Morris Hoats,* with him *Calvin E. Arner,* for appellees.

PER CURIAM, February 24, 1919:

The paper signed by the decedent, which appellant insists is a contract to be specifically enforced, is clearly testamentary: Wilson v. Van Leer, 103 Pa. 600; Megary's Est., 206 Pa. 260. It vested no present interest, but only appointed what was to be done after the death of the maker, and this is the test of its character: Turner v. Scott, 51 Pa. 126. In Shields v. Mifflin's Executors, 3 Yeates 389, relied upon in support of appellant's contention, the paper signed by Thomas Mifflin was an executed contract, acknowledging and promising to pay a liability which could have been enforced against his estate without the direction that his executors or administrators should pay it. The prayer for specific performance was properly dismissed by the learned court below, and its decree is affirmed, at appellant's costs.