## Geisinger's Will.

*Wills—Probate—Checks as codicils—Testamentary intent.*

1. A gift or bequest after death is the very essence of a will, and determines a writing, whatever be its form, to be testamentary.

2. Checks and their stubs should be admitted to probate as codicils to a will when payable after the death of the drawer.

3. Five checks made payable by writings upon their backs, after the death of the drawer, the writing being signed by the drawer and witnessed, were clearly testamentary in character and should be admitted to probate as codicils to her will.

Petition to admit checks to probate. O. C. Montour Co.

*Ralph Kisner*, for petitioners.

POTTER, P. J., 17th judicial district, specially presiding, April 1, 1924.—Five checks signed by Mrs. Abigail A. Geisinger have been presented to the Register of Wills of Montour County for probate as codicils to her last will and testament, as follows:

| Name | Amount | Date |
| --- | --- | --- |
| Andrew Fry | $5000 | August 13, 1919 |
| Mary O. Shindel | 1000 | August 13, 1919 |
| W. L. McClure | 10000 | August 13, 1919 |
| Letitia Fieweg | 1000 | August 13, 1919 |
| Russel & Katie Pickell | 10000 | August 13, 1919 |

These checks are all made payable after the death of Mrs. Abigail A. Geisinger by a writing on the back of the respective checks, signed by her and witnessed by W. G. Breitenbach.

The register has certified these five checks to the Orphans' Court of Montour County for determination as to whether or not they should be admitted to probate. Therefore, the only question before us is whether or not these said checks are testamentary in character. If they are, they should be admitted to probate as codicils to the last will and testament of Abigail A. Geisinger, they having been made after her will; and if they are not, then probate of them should be refused.

It is a well settled principle of law that needs no citation of authorities to sustain it, that a gift or bequest after death is the very essence of a will, and determines a writing, whatever be its form, to be testamentary: Patterson v. English & Rickabaugh, 71 Pa. 454.

And it has been expressly held that a check payable after the death of the drawer is testamentary: Postley's Estate, 32 Pitts. L. J. 437.

And that checks and their stubs should be admitted to probate as codicils, when payable after the death of the drawer: Lambeert's Estate, 10 Pa. C. C. Reps. 10.

The essence of the instrument is the taking effect after the death of the maker, whether it be a deed, a note, a check, a bond, a policy of insurance or any other instrument in writing. Its form is not material if it is testamentary in character: Tozer v. Jackson, 164 Pa. 373; Megary's Estate, 206 Pa. 260; Grady v. Sheehan, 256 Pa. 377.

We really do not think this question needs any further discussion. It is very clear that these five checks are signed by Abigail A. Geisinger and that they could not have been collected till after her death, which clearly makes them testamentary in character. They are, therefore, entitled to probate as codicils to her last will and testament.

And now, to wit, April 1, 1924, the Register of Wills of Montour County, Pennsylvania, is hereby directed to admit to probate as codicils of the last will and testament of Abigail A. Geisinger, deceased, the five checks in this opinion hereinbefore more specially set forth and described.

From R. S. Hemingway, Bloomsburg, Pa.