## Wolfe's Estate.

*Wills—Probate—Whether writing is testamentary—Direction to executor to pay—Contractual relation.*

1. No formal words are necessary to make a valid will. The form of the instrument is immaterial so long as in substance it is a gift intended to take effect after testator's death.

2. A writing reading, "Central Trust Company My executor" "For his labor Pay to the order of [a person named] $4,700," duly signed, is testamentary in character and properly admitted to probate as a codicil.

3. The fact that it was delivered by the deceased in his lifetime to the payee is immaterial.

4. It is also immaterial that the words "for his labor" were used, if it appears that no contractual relation existed between the deceased and payee, and that the former owed the latter nothing except gratitude for personal attentions.

*Wills—Probate—Undue influence—Confidential relation—Burden of proof.*

5. To constitute undue influence there must be imprisonment of body or mind, fraud, threats or misrepresentation, inordinate flattery or physical or moral coercion to such degree as to prejudice the mind of testator and destroy his free agency and operate as a restraint on him in making his will.

6. When testamentary capacity is admitted or not denied, and no evidence is offered of extreme infirmity or mental incapacity, the burden is on contestant to prove undue influence even as against one occupying a confidential relation.

Argued May 25, 1925. Appeal, No. 3, May T., 1925, by Home for the Friendless of Harrisburg, Pa., residuary legatee, from decree of O. C. Dauphin Co., entered to No. 254, dismissing appeal from register of wills, in estate of Washington M. Wolfe, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from register of wills. Before FOX, J. See 24 Dauphin Co. R. 27.

The opinion of the Supreme Court states the facts.

Appeal dismissed. Home for Friendless of Harrisburg, residuary legatee, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Paul A. Kunkel,* for appellant.—The instrument is a contract and not a will because a present interest vested at the time of making the delivery for a valuable consideration: Anspach v. Lightner, 31 Pa. Superior Ct. 218; Book v. Book, 104 Pa. 240.

The unnatural character of the will is always to be considered as calculated to show undue influence.

*Paul G. Smith,* for appellee.—The paper writing is testamentary in character: Kimmel's Est., 278 Pa. 435; Frew v. Clarke, 80 Pa. 170; Megary's Est., 206 Pa. 260; Wilson v. Van Leer, 103 Pa. 600; Losch's Est., 264 Pa. 58; Waynesburg College's App., 111 Pa. 130; Shields v. Irwin, 3 Yeates, 389; Dewald's Est., 13 Phila. 251.

The orphans' court, sitting as a chancellor, was justified in refusing to award an issue: Kaufmann's Est., 281 Pa. 519; Leisey's Est., 280 Pa. 533; Tetlow's Est., 269 Pa. 486; Phillips's Est., 244 Pa. 35.

OPINION BY MR. JUSTICE FRAZER, June 27, 1925:

This appeal is from a decree of the orphans' court admitting to probate, as a codicil to testator's will, a writing in the following form:

"Harrisburg, Pa., July 16, 1921.               No.......

"CENTRAL TRUST COMPANY
"MY EXECUTOR
"For his labor
"Pay to the
"order of......Merle H. Baker ............$4,700.00
"Forty Seven Hundred ....................Dollars
"Wash. M. Wolfe."

A caveat filed by the Home for the Friendless, residuary legatee under the will, averred the writing was not testamentary in character and accordingly should not be probated as such, and further alleging fraud, forgery and undue influence in its procurement, and that testator was not of sound and disposing mind at the time he executed the paper. The register admitted the paper to probate and an appeal was taken to the orphans' court. By agreement of counsel that court first passed on the question whether or not the writing was testamentary in character. This question the court decided in the affirmative and testimony was taken in support of the allegation of fraud, forgery, undue influence and want of testamentary capacity. The court con-

cluded the evidence was insufficient to sustain a verdict against the will on any of these grounds and refused to award an issue.

The rule has been repeatedly stated that no formal words are necessary to make a valid will. The form of the instrument is immaterial so long as in substance it is a gift intended to take effect after testator's death. The important and usual incident of such testamentary document is that it vests no present interest but is intended to become operative only after the death of the maker, and until that time it continues to be ambulatory and may be revoked by testator: Turner v. Scott, 51 Pa. 126; Frederick's App., 52 Pa. 338; Patterson v. English, 71 Pa. 454; Megary's Est., 206 Pa. 260. A writing in the form of a promissory note or a deed may operate as a will if the intention is that it should take effect only at the death of the maker: Turner v. Scott, supra; and it is immaterial that the paper may have been delivered to the beneficiary during the lifetime of the maker: Frew v. Clarke, 80 Pa. 170; Wilson v. Van Leer, 103 Pa. 600.

The contention that the writing here involved is contractual as being in payment of a debt cannot be maintained under our earlier decisions. Thus in Megary's Est., 206 Pa. 260, 262, testator provided that "in consideration of the fact that my stepdaughter Anna J. Megary Ege has shared her home with me and attended to my business, correspondence &c., for me since the decease of my husband, William C. Megary, and that she has made no charge for said courtesies during said period of time. Now, therefore, be it known that I, Sarah Megary, desire and so affirm that my said stepdaughter shall receive as compensation for said services out of my estate a sum of money or its equivalent that shall aggregate two thousand dollars—the aggregate amount of one hundred dollars per year for a period of twenty years to date. I also wish it to be understood that the above mentioned compensation shall not affect any

right that she may have as devised to her in any will or testament of mine that may be in force at the time of my decease." In Losch's Est., 264 Pa. 58, the following writing was held testamentary: "I will give my home to......for special favors and honest kind work and good service......during the last three months and before. She shall have my house which I promised to her......for staying with me, to the end of my life. I, ......, order my executor......to sign said deed...... and after my death to hand and deliver......said deed to her."

In the present case, the writing is directed to the executor and consequently intended to take effect after the maker's death. The paper was delivered to payee; this fact alone, however, does not change its character as a testamentary writing. Although it contains the memorandum "for his labor," this alone is insufficient to make the writing contractual in form, or to constitute an acknowledgment of an indebtedness to the amount of $4,700 or any other sum. We find nothing to indicate the beneficiary had made claim on testator for labor or that there was any contractual relation between them to pay for services performed. The testimony discloses an intention on the part of testator to substantially remember Baker and thereby show his appreciation in return for services voluntarily rendered him during his last illness. The fact that two additional gifts of $500 each were given the same beneficiary indicated deceased had a kindly feeling toward the payee and desired to benefit him by his will, and had expressly stated to a witness that the gifts already made were intended as compensation for services up to the date of the will but were not intended as compensation for anything done after that time and that he had arranged that an additional amount should be given the beneficiary, and the witness was requested, in event of contest, to appear in court and testify to that effect.

We are of opinion the writing was properly admitted to probate as a codicil to testator's will.

So far as the question of forgery is concerned, the evidence was so weak and unsubstantial appellant did not deem it worth while to argue this question on appeal and omitted it in the statement of questions involved. The contention that testator was of insufficient mental capacity to make his will was also abandoned on this appeal, leaving only the question whether the record presents sufficient evidence of fraud and undue influence to require awarding an issue. The duty rests on the orphans' court to decide whether or not oral evidence offered for this purpose is sufficient to be submitted to the jury, and to refuse to award an issue if it appears the evidence against the will is so weak that the court would not sustain a verdict against it: Phillips's Est., 244 Pa. 35, 42; Fleming's Est., 265 Pa. 399, 406; Tetlow's Est., 269 Pa. 486. Baker, the beneficiary, resided next door to decedent and had voluntarily and without compensation performed many services such as keeping up fires, removing ashes and attending to deceased personally during his illness. About two years previous to his death decedent was obliged to undergo an operation for cancer and thereafter Baker not only continued to discharge the services he had formerly been in the habit of discharging, but performed many of the duties of nurse, waited upon deceased, dressed his wound, assisted him physically both day and night, and also aided him in the transaction of his business matters. Decedent stated to a witness that a son could not have been more kind to him.

To constitute undue influence there must be imprisonment of body or mind, fraud, threats or misrepresentation, inordinate flattery or physical or moral coercion to such degree as to prejudice the mind of testator and destroy his free agency and operate as a restraint on him in making his will: Gongaware v. Donehoo, 255 Pa. 502, 507, 508. The evidence here submitted does not

meet the requirement of this rule; and although Baker occupied a confidential relation to testator for a considerable time before the latter's death, this alone under the facts here presented did not shift to him the burden of proving he exerted no improper influence over the mind of testator. The rule is that where testator is of weak mind, though not sufficient to wholly destroy his testamentary capacity, a person by whom or under whose advice a will is written, and who receives a substantial legacy or bequest, has the burden of proving testamentary capacity and showing that testator acted with full knowledge of the value of his estate; when, however, testamentary capacity is admitted or not denied and no evidence is offered of extreme infirmity or mental incapacity, the burden is on contestant to prove undue influence even as against one occupying a confidential relation: Phillips's Est., 244 Pa. 35, 44, and cases cited. The court below properly found under the evidence in this record that even though it should be held that the burden of proof had shifted to proponent, he fully met the same by testimony which the court below characterized as so strong and convincing that it left no dispute, much less a substantial dispute, as required to justify the awarding of an issue.

The decree of the court below is affirmed at cost of appellant.