## Gibson's Estate.

Argued April 20, 1937. 

 Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ. 

*Luther C. Braham,* of *Galbreath & Braham,* with him
*Jackson & Troutman,* for appellant.

*Edward J. I. Gannon,* of *Hazlett, Gannon & Walter,* with him *Marshall & McCandless,* for appellee.

OPINION BY PARKER, J., July 15, 1937:

This is an appeal from an order of the Orphans' Court of Butler County admitting to probate a writing alleged to be the last will and testament of Bracken Gibson. The sole question involved is whether the paper is testamentary in character.

The paper, a copy of which is printed in the margin,[1] was presented for probate to the register of wills of

---

"July 27, 1923

[1] "Regardless of will or wills. 90 days after date of my death must collect from my estate and ~~promise to~~ pay to the order of Jennie Negley $5.00 a week from 18 to 25 years of age for labor

Hannahtown Butler Co. Pa.

$2500. Hundred dollars for Property near Dollars which was not allowed to be given her through Will. WITHOUT DEFAL-CATION, VALUE RECEIVED, WITH INTEREST

"And further she can ~~do hereby~~ empower any Attorney of any Court of Record within the United States or elsewhere to appear for me and after one or more declarations filed, confess judgment against my estate as of any term for the above sum with costs of suit and Attorney's commission of per cent for collection and release of all errors, and without stay of execution and inquisition and extension upon any levy on real estate is hereby waived, and condemnation agreed to and the exemption of personal property from levy and sale on any execution hereon, is also hereby expressly waived, and no benefit of exemption be claimed under and by virtue of any exemption law now in force or which may be hereafter passed.

"Witness my hand and seal

BRACKEN GIBSON (Seal)
% JAMES G. ELLIOTT (Seal)"

(We have underlined the written portion of the instrument.)

Butler County. That officer refused to probate it and the proceedings were certified to orphans' court pursuant to §18 of "Register of Wills Act of 1917" (20 PS 1981). The court below awarded an issue devisavit vel non for determination of the fact as to whether the signature "Bracken Gibson" was his signature. A jury found that it was in fact the signature it purported to be. Thereupon the orphans' court held as a matter of law that the writing was testamentary and remitted it to the register for probate. An only son, Ira A. Gibson, has appealed from the final order of the orphans' court assigning as error the determination by the court that the writing was testamentary.

Jennie Negley, when five years of age, went to live with Bracken Gibson and his wife, by whom she was reared and educated. She continued to live with them for nineteen years and until her marriage. She was not adopted, but was treated as a foster child. Mrs. Gibson had made some effort to will a farm to Mrs. Negley, but did not accomplish her purpose. The paper in question was delivered to Mrs. Negley in a sealed envelope at the time of its execution and she was directed to and did hold it until after the death of Bracken Gibson. A majority of this court are of the opinion that the case was correctly disposed of by the court below.

A will was defined by Blackstone (2 Bl. Comm. 499) as "the legal declaration of a man's intentions, which he wills to be performed after his death," and by Kent as "a disposition of real and personal property to take effect after the death of the testator."

It is apparent that the writing presented to us for construction was not to take effect until after the death of Bracken Gibson and it provided for the disposition of at least a part of such estate as he should leave. It is apparent that it is not a contract. The essence of the definition of a will is that it is a disposition to

take effect after death; if it vests no present interest, but only appoints what is to be done after the death of the maker, that is the test of its character: *Losch's Est.*, 264 Pa. 58, 107 A. 375; *Turner v. Scott*, 51 Pa. 126. It would seem clear that the writing was testamentary in character and it remains only to test the accuracy of our conclusion as determined by former decisions and as applied to the form and substance of this particular writing and to thereby answer the contentions of the appellant.

The paper was prepared by a layman who used a blank promissory note as a form. "While the informal character of a paper is an element in determining whether or not it was intended to be testamentary (*Kisecker's Est.*, 190 Pa. 476 [42 A. 886]), this becomes a matter of no moment when it appears thereby that the decedent's purpose was to make a posthumous gift": *Kimmel's Est.*, 278 Pa. 435, 438, 123 A. 405. Papers in the form of an assignment (*Coulter v. Shelmadine*, 204 Pa. 120, 53 A. 638), a deed (*Turner v. Scott*, supra), a letter of instructions (*Scott's Est.*, 147 Pa. 89, 23 A. 212), a power of attorney (*Rose v. Quick*, 30 Pa. 225), an informal letter (*Knox's Est.*, 131 Pa. 220, 18 A. 1021) have all been held to be testamentary in character. It is significant that the words "promise to" in the printed form were stricken out and in place thereof there was substituted the phrase "must collect from my estate and," thus clearly showing that the paper was ambulatory and might be revoked at any time. It was not a binding obligation when executed and was not to be effective until the death of the maker.

The testamentary character of the instrument was not affected by the recital of a reason for the gift. The legatee had lived as a foster child with the maker after she was eighteen years of age and after she attained her majority. The case of *Wilson v. Van Leer*, 103 Pa. 600, is apposite. The paper in that case was as follows:

"August 13th 1865. I give thes fiew lines to Caroline Carman to show that I want her to have the sum of twelve hundred dollars at my death she livd with mee A number of years And got verry little for it so i thought It rite to leave her This little sum to be paid to her out of my home property from Needham Wilson." The writing was held to be testamentary in character.

In *Wolfe's Est.*, 284 Pa. 169, 130 A. 501, the writing was as follows: "Harrisburg, Pa., July 16, 1921. No.. .... Central Trust Company My executor For his labor Pay to the order of......Merle H. Baker...... $4,700.00 Forty Seven Hundred......Dollars Wash. M. Wolfe." This paper was likewise held to be testamentary in character.

The testamentary character of the instrument was not affected by the phrase "Regardless of will or wills." In *Megary's Est.*, 206 Pa. 260, 55 A. 963, the paper was in part as follows: "To whom it may concern: This is to certify that in consideration of the fact that my step-daughter...... has shared her home with me and attended to my business, correspondence &c...... therefore, be it known that I...... desire and so affirm that my said step-daughter shall receive as compensation for said services out of my estate a sum of money or its equivalent that shall aggregate two thousand dollars...... I also wish it to be understood that the above mentioned compensation shall not affect any right that she may have as devised to her in any will or testament of mine that may be in force at the time of my decease." The expression we find in the will we are considering is of no greater import than the words in the case last cited.

The judgment clause did not affect the character of the instrument. A parallel situation is found in the case of *Turner v. Scott,* supra, where the will was in the form of a deed and contained a covenant of war-

ranty. The court there said (p. 133) : "However this may be, we see nothing in the covenant of warranty to change our construction of the operative words of the grant." Just so here, the nature of the gift is not affected by the inclusion of the judgment clause. In addition, the testator was careful to cross out the words "do hereby" and substitute "she can."

*Megary's Est.,* supra, also presents another parallel to this case. There the legatee was a stepdaughter, here she was a foster daughter, and in both cases the writing was delivered to the legatee and remained in her possession until after the death of the maker. In fact this case is ruled by the Megary case.

The appellant contends, on the authority of *Sunday's Est.,* 167 Pa. 30, 31 A. 353, that testamentary intention must be proved by two witnesses which proof was not here made. This contention is not well taken and has heretofore been considered by the Supreme Court. In *Kisecker's Est.,* supra (p. 479), after referring to *Sunday's Est.,* supra, and to *Scott's Est.,* supra, it was said: "But an examination of these cases and all others to like effect will show this rule obtains only where no testamentary intent is derivable from the instrument itself, indeed, only in cases where the nature and form of the instrument are inconsistent with such intent. Under such circumstances, where extrinsic evidence is relied upon exclusively to show that the instrument was intended to operate as a will, it is not difficult to understand why the statutory requirements are held applicable. But where form and language used are entirely inconsistent with such intent, under judicial construction, or the intent is fairly derivable from a consideration of the entire instrument, the necessity for two witnesses relates only to the formal execution of the paper."

There is no doubt that the mere deferring of payment until after the death of the maker is not of itself

sufficient to make a writing testamentary (*Eisenlohr's Est.* (No. 2), 258 Pa. 438, 102 A. 117), but here no present interest vested in Mrs. Negley. She had no enforceable right and we are not dealing with a situation where there is a contract supported by a consideration. Bracken Gibson could have revoked the gift at any time. There was no vesting of an irrevocable right in her. This was emphasized by the fact that he struck out the words "I promise to pay" and inserted a direction as to what should be done at his death.

We are of the opinion that the writing was testamentary and was entitled to be admitted to probate.

Decree affirmed at costs of appellant.