## Rugh Estate

*Avra N. Pershing, Jr.*, for exceptant.
*Mitinger & Mitinger*, contra.

COPELAND, P. J., February 13, 1953.—The chief question in this estate, raised by exceptions to the decree of distribution, arises out of the interpretation of a paper attached to certain securities and found in decedent's safe deposit box. This paper was probated as a codicil to an earlier will. There is no dispute of fact. The paper in question is as follows:

"May 12, 1950

"Have this stock transfer over to Miss Dorothy Frye after my death for what I owe her.

"John S. Rugh,

"Barclay Trust Co.       Greensburg, Pa."

Attached to this paper were certificates for 105 shares Continental Oil Company in the name of John S. Rugh, and other certificates for 105 shares of the same stock in the names of John S. Rugh and Dorothy Frye as joint tenants with right of survivorship. There is no dispute as to the jointly held stock but only as to the effect of the paper upon the ownership of the stock in the name of decedent alone.

The widow, an incompetent, elected by her guardian, to take against the will and she, together with creditors of decedent, contend that the paper in question is testamentary only and must be given effect as such. Dorothy Frye contends that she is entitled to the stock free of the claims of the widow and creditors

because the paper is (1) a pledge of the stock for a debt due her, or (2) equivalent to a promissory note, or (3) proof of her claim as a creditor of decedent, or (4) proof of her right to the stock on any other available theory.

The writing is clearly testamentary.

"It is well settled that when an interest becomes effective only after death, the document creating the interest, whether bank account, deed, check, note or other paper, is regarded as testamentary in character, and must be treated as such"; Onofrey et al. v. Wolliver et al., 351 Pa. 18, 24.

In all cases where writings have been attached to securities or other valuables, to take effect at the maker's death, such writings have been held to be testamentary, where the direction was to "deliver" (Glass' Estate, 331 Pa. 561); "hand over" (Zell's Estate, 329 Pa. 312); "deliver" endorsed certificates (Davis' Estate, 275 Pa. 126); "sign said deed": Losch's Estate, 264 Pa. 58.

In Losch's Estate, supra, the maker of the paper gave his home to a woman named "for special favors and honest kind work and good service". The court held this direction to be testamentary only and said, p. 61: "It vested no present interest, but only appointed what was to be done after the death of the maker, and this is the test of its character."

Counsel for the widow insists that Dorothy Frye was and is required to elect whether to proceed as a legatee or as a claimant and that such an election prevents a recovery on any other ground than the one chosen. The court does not believe this contention to be the law farther than that a creditor cannot collect twice for the same services or debt. In Losch's Estate, supra, the claim as a legatee was recognized after there had been a refusal of a decree for specific performance, wherein the will was treated as a contract. In Glass'

Estate, supra, recovery was allowed as a legatee after the same person had been refused as a claimant who based his claim on the same paper which made him a legatee.

In this case, Dorothy Frye contends that the Commonwealth of Pennsylvania, as a creditor for support and maintenance of decedent's wife in Torrance State Hospital, should be required to look first to the real property, now of the widow, which was held by the entireties by decedent and his wife. By the Act of June 1, 1915, P. L. 661, sec. 3, 71 PS §1783, as amended, the husband of an inmate of Torrance State Hospital is liable for maintenance and this is so independently of the inmate's common-law liability or ability to pay: Commonwealth v. Zommick, 362 Pa. 299.

In Shaffer Estate, 68 D. & C. 351, the court held that funds of the husband must be used first for the maintenance of his wife in the State hospital before applying funds of the wife. This is the common-law liability of the husband and it is held that that liability is not changed by the Act of 1915, supra: Commonwealth v. Hoge, 39 D. & C. 564.

The case of Commonwealth v. Woods et al., 81 D. & C. 200, referred to by counsel for Dorothy Frye, holds that the property of an inmate and her husband, held by entireties, is liable for her maintenance, but that case also reaffirms the proposition that the husband is primarily liable.

The first exception averring that the court erred in disallowing the claim of Dorothy Frye against the estate is dismissed for the reason that there is no evidence of such a claim except her claim as legatee, which will be allowed in the final distribution of the estate if funds are available therefor.

The second and third exceptions are to that part of the decree of distribution which directs the personal representative to pay claims out of the stock in ques-

tion. These exceptions are dismissed because the only interest of exceptant in this stock is as legatee and it is apparent that at least a part of that stock is necessary for the payment of admitted debts.

The fourth exception is dismissed as being premature. The rights of exceptant in the stock are only as a legatee and no distribution to heirs or legatees has been made nor can be made until sufficient cash is obtained to pay debts.

### Decree

And now, February 13, 1953, for the reasons stated in the opinion filed herewith, the exceptions filed December 19, 1952, to the decree and schedule of distribution filed December 10, 1952, are dismissed and the decree of distribution is made absolute.