**In re Estate of Hunsicker**

C.P. of Monroe County, no. 74 O.C. 2010.

*David W. Skutnik,* for appellants.
*David A. Martino,* for executor.
*Maryann Garvey,* for register of wills.

MILLER, *J.,* August 10, 2010—In 2003, Donald A. Hunsicker, the decedent herein, met with Attorney Michael Ozalas for the purpose of preparing a last will and testament. Attorney Ozalas prepared a will and the decedent executed it on April 28, 2003. In this will, decedent made a specific bequest to his friend, Charles Steltzman, and left the residue of his estate to his brother, Carl Vanhorn Hunsicker. He also named alternate beneficiaries in the event Carl predeceased him. He further named Carl and his friend, Steltzman, as executors.

Sometime in 2008, defendant made a handwritten codicil to his will which he signed on June 18, 2008. In this codicil, he bequeathed to his brother bank accounts and his cottage and house at the lake.

Decedent died on October 9, 2009, and his brother predeceased him.

After his death, Mr. Steltzman appeared in the office of the register of wills here in Monroe County with the will and the codicil. However, the will was missing page two, which would have been the alternate beneficiary bequests and contained several interlineations and handwritten notations. The Monroe County register of wills refused to accept them for probate.

On December 30, 2009, we issued a citation to show cause why Steltzman should not be appointed executor of the estate of decedent. After a hearing before the registrar, she issued an opinion invalidating the will but accepting the codicil as a later will for probate. Steltzman appealed her decision on April 29, 2010. While the probate, estate and fiduciaries code allows the parties a de novo hearing before the court, it also allows the parties, if they agree, to proceed with the appeal based upon the record made before the register of wills.

Any party in interest seeking to challenge the probate of a will or is otherwise aggrieved by a decree of the registrar, may appeal therefrom to the court within one year of the decree. 20 Pa.C.S. §908 (a). As a general rule, a party must have an interest in order to challenge the grant or denial of letters to administer decedent's estate. *In Re Estate of Sidlow,* 374 Pa. Super. 624, 543 A.2d 1143 (1988).

A legatee under a prior will whose legacy is revoked by implication upon the execution of a later will does have standing since he will be able to recover under the earlier will if the later will is declared invalid. *Id.* Accordingly, we find that Steltzman has standing to bring this petition under section 908. However, he has the burden to challenge the validity of the will. In other words, Steltzman must prove that the will is valid.

Our first inquiry then is whether the register of wills correctly invalidated the will. In Pennsylvania, every will shall be in writing and shall be signed by the testator at the end subject to certain rules and exceptions, *Burns v. Kabboul,* 407 Pa. Super. 289, 595 A.2d 1153 (1991), the chief purpose of which is to see that the testator's wishes are observed. See *In Re Sheaffer's Estate,* 240 Pa. 83, 87 A. 577 (1913). Here, both the will and codicil proposed to probate are in writing and signed by the decedent. However, the registrar found that the decedent revoked his will by certain handwritten notations contained therein and it was subsequently replaced by the codicil. We don't agree.

Although the will contains interlineations and handwritten notations, the substance of the residuary disposition of decedent's estate is not affected and the codicil maintains an orderly connection to the will. In the will, all the rest, residue and remainder of decedent's estate is left to his brother. Clearly what is written on the codicil is part of the residue of the decedent's estate and this, also, goes to the brother. The only items missing in the will would be the alternate beneficiary designations that were deleted from the original will.

In the items he deleted from his original will, the alternate beneficiaries are his two nieces and Mr. Steltzman. Under our findings, Mr. Steltzman still receives his specific bequest and the nieces receive the residuary as daughters of decedent's brother.

Although the will contains interlineations and handwritten notations, the substance of the residuary disposition of decedent's estate is not affected and the codicil maintains an orderly connection to the will.

In Pennsylvania, a valid will may be written on separate not physically united sheets of paper. *Burns, supra* at 319, 595 A.2d at 1168. In order to probate separate not physically united sheets of paper as a will . . . , the test is whether the not physically united sheets of paper are connected by their internal sense, by coherence or adaptation of parts. The order of the connection must appear on the face of the will and cannot be established by extrinsic evidence. Additionally, interlineations and marginal notes are of no effect if they are not properly executed. *Supplee Estate,* 57 D.&C.2d 40 (1972). Additionally, there is a presumption that marginal and interlineated notes in a testator's handwriting to a typewritten will were affixed after its execution.

Attorney Michael Ozalas testified before the registrar, but he could only testify that the handwritten notations were not on the will when decedent signed it. Attorney Ozalas said he had searched his records but could not find a copy of the original will he prepared or any of his notes taken during his interview with Mr. Hunsicker.

After reviewing the testimony and records submitted by the registrar, it is clear that decedent made an altera-

tion to his will after its execution. He made several interlineations to the third paragraph of his will, but they had no effect on the residuary disposition to his brother Carl. The only other interlineations occur in paragraph eight which deals with the appointment of an executor. Decedent crosses out the name of Carl and writes Steltzman's name underneath. Decedent then crosses out Steltzman's name but later writes error above it and signs, dates and initials it. A handwritten notation on the bottom of that page indicates that he removed the fourth and fifth sheets, to which he signed his name. Clearly he meant the fourth and fifth paragraphs which are on one sheet of the original will. When we read the codicil in place of paragraphs fourth and fifth which were removed from the will, the codicil language is connected to the will by its internal sense, coherence and by adaptation of its parts. In addition, as we said before, the codicil does not change the residuary bequest to his brother Carl, which he has made clear in all of his writings.

In Pennsylvania, it's been repeatedly held that there are no formal words that made up a will and the form of the instrument is immaterial as long as it is a gift intended to take place after the testator's death. *In Re Wolfe's Estate,* 284 Pa. 169, 130 A. 501 (1925). Although the codicil is small, it is decedent's handwritten wishes on paper that indicates his intent that in the event he should die, he makes of his property to his brother. The totality of this instrument read in conjunction with the will, which Steltzman attempted to probate, demonstrates that together it is a testamentary document. Accordingly, we find that the will, along with the codicil, constitutes a valid will which shall be admitted for probate. In addition, the will clearly appoints Steltzman as executor

and accordingly the registrar is directed to appoint Steltzman as the executor of the estate of Donald Hunsicker.

Steltzman's next argument is that the codicil fails to name a personal representative or make complete disposition of the decedent's estate. We agree with him but since we have determined that the codicil and the will should be probated, with Steltzman as executor, we find this issue moot.

Finally, we are constrained to comment on the parties' agreement to have this matter determined on the record made before the register. Although the rules state that an appeal may be "heard on the testimony taken before the register," the usual course is for the trial court to hear the testimony de novo. 20 Pa.C.S. §776. The record submitted in this case is so dreadful we found it difficult to determine the facts of the matter. However, since the parties agreed that the case would be heard on the testimony taken before the register we complied.

However, the better course is for the trial court to hear testimony de novo. Based on the foregoing, we enter the following decree:

## DECREE

And now, August 10, 2010, after a review of the testimony before the register of wills and upon consideration of the appeal filed by Charles Steltzman, it is hereby ordered that the will and codicil of Donald A. Hunsicker shall be admitted to probate and Charles Steltzman shall be appointed as executor of the estate of Donald A. Hunsicker.