## Knight's Estate.

*Wills—Informal testamentary papers—Letter and check.*

A letter addressed to an officer of a bank, enclosing a check on the bank, naming the payee, but leaving the amount blank, requesting him, in case of the death of the writer and maker, to fill the blank by inserting the balance standing to his credit with the bank and deliver the check to the payee, is testamentary, and the letter and check are, in substance, a bequest of the balance standing to the maker's credit at the time of his death and entitled to probate.

Exceptions to decree of Thompson, J., Presiding Judge, sustaining appeal from Register. O. C. Phila. Co., April T., 1926, No. 1661.

*Walter Lee Sheppard* and *Porter, Foulkrod & McCullagh*, for exceptions.

*Alfred C. Muench* and *William A. Schnader*, contra.

HENDERSON, J., Jan. 21, 1927.—The exceptions raise the question as to whether the following writings are testamentary in character and entitled to be probated:

"Caleb F. Fox Members
Edward B. Robinette Established 1857 New York Stock Exchange
Caleb F. Fox, Jr. Phila. Stock Exchange

Geo. S. Fox & Sons
43 Exchange Place Bankers & Brokers
New York Commercial Trust Bldg.
Philadelphia

214 Scranton Life Ins. Bldg.
Scranton, Pa.
Apl. 22/1925.

"My dear Mr. Mercur: In case of my death *at any time*, please fill in the enclosed check for the balance standing to the credit of my *No. 2 a/c* with the Bank of No. America & Trust Co. & deliver to Mrs. Banes, in consideration of her kindness to me during the many years of our association in business.

Yours very truly,

CHAS. C. KNIGHT."

"No. ———— Philadelphia, Apl. 22, 1925
Bank of North America & Trust Company 3-2
"Pay to the order of Lota E. Banes Five hundred and sixty-five 12/100 Dollars.
$565.12 CHAS. C. KNIGHT No. 2."

We are of opinion that they are, and will briefly give the reasons therefor.

In McCune's Estate, 265 Pa. 523-25, Mr. Justice Stewart, quoting from 1 Jarman on Wills, 333, said.

"'The law has not made requisite to the validity of a will that it should assume any particular form, or be couched in language technically appropriate to its testamentary character. It is sufficient that the instrument, however irregular in form, or inartificial in expression, discloses the intention of the maker respecting the posthumous destination of his property; and if this appear to be the nature of its contents, any contrary title or designation which he may give it will be disregarded.' . . .

"The definition of a will with which all are most familiar is that given by Blackstone, which, though it has undergone several verbal changes—without improvement, be it said—stands unchallenged for its simplicity and accuracy.

A will, Blackstone says, is a legal declaration of one's intention which he wills to be performed after his death. The essence of this definition is that it is the disposition to take effect after the declarant's death."

In Wolfe's Estate, 284 Pa. 169, the following writing was admitted to probate as a codicil:

"Harrisburg, Pa., July 16, 1921.                              No. ——
                    Central Trust Company
                         My Executor
                        For his labor
    "Pay to the order of Merle H. Baker $4700.00, Forty-Seven Hundred Dollars.                                        WASH. M. WOLFE."

Speaking for the Supreme Court, Mr. Justice Frazer said: "The rule has been repeatedly stated that no formal words are necessary to make a valid will. The form of the instrument is immaterial so long as in substance it is a gift intended to take effect after testator's death. The important and usual incident of such testamentary document is that it vests no present interest but is intended to become operative only after the death of the maker, and until that time it continues to be ambulatory and may be revoked by testator: Turner v. Scott, 51 Pa. 126; Frederick's Appeal, 52 Pa. 338; Patterson v. English, 71 Pa. 454; Megary's Estate, 206 Pa. 260. A writing in the form of a promissory note or a deed may operate as a will if the intention is that it should take effect only at the death of the maker. . . ."

It is clear, from the foregoing authorities, that the writings offered for probate are testamentary in character, in that the letter of the testator to the officer of the Bank of North America and Trust Company states that it is to take effect "in case of my death *at any time*."

It is contended by the exceptant that these documents should not be admitted to probate for three reasons: (1) because the letter is not addressed to the executor; (2) that it contains no words of gift; and (3) that it is not self-contained, in that extraneous acts are needed to supply what is lacking.

We will briefly answer these objections.

We know of no rule which requires an informal codicil to be addressed to the executor of the testator. There are cases where informal documents have been addressed to a person called executor and wherein that fact has been taken as evidence of a testamentary intent. In the documents in the instant case intent is not found from such circumstances but from the declaration in the letter.

It is contended that there are no words of a gift. The letter directs the delivery of a check duly signed by the testator and drawn to the order of Lota E. Banes. The intent to give the balance standing to his credit in No. 2 account in the Bank of North America and Trust Company cannot be gainsaid. In Lambaert's Estate, 10 Pa. C. C. Reps. 10, the testatrix drew three checks to the order of her three daughters and signed them, but did not remove them from her check book, which remained in her possession until her death. The stub of one of the checks contained the following words: "Drawn to order of Sallie E. Lambaert—being exceeding ill at the time these checks were drawn—if I get well they may not get the money; if I do not I will be most glad it will come into their possession." These checks and stub were admitted to probate as a codicil in a well-reasoned opinion by Judge Penrose.

A somewhat similar case, not reported, will be found in the Estate of Mary A. Ashmead, No. 99, January Term, 1919, the opinion being by Judge Gest.

The third and last objection of the exceptant relates to the fact that the check was not filled out at the time it was enclosed with the letter to Mr. Mercur, and it is argued that at the time it was signed there was no certitude as to the amount, and it is necessary to refer to extraneous matters to supply what is lacking. This testamentary act is inartificially drawn, but when we read the testator's letter in connection with the check, it is in substance a bequest of the balance standing to the credit of the testator in No. 2 account in the Bank of North America and Trust Company at the time of his death.

The exceptions are dismissed and the decree of the presiding judge is affirmed.

Thompson, J., did not sit.