# Scattergood *v.* Kirk.

*Wills—Probate—Issue devisavit vel non—Undue influence—Presumption —Evidence.*

Where the proponent of an alleged will has occupied a confidential relation to testatrix, but is her only surviving relative, the same presumption of undue influence does not arise as in the case of one who is a stranger to the blood.

On the trial of an issue devisavit vel non the case is for the jury, where it is uncontradicted, that the proponent occupied a confidential relation to the testatrix, a woman eighty-eight years old, and was her only surviving relative, and the evidence for the proponent tends to show, that the testatrix dictated a memorandum to a third person, in the presence of proponent, and that proponent, at the request of testatrix, gave the memorandum

to an attorney who wrote the will, that the same attorney, afterward prepared a codicil, on information received from proponent, and sent it to testatrix by a notary, in whose presence testatrix read the paper, and then executed it, without any representations being made or inducements presented by any one.

Argued Jan. 25, 1900. Appeal, No. 413, Jan. T., 1899, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1898, No. 410, on verdict for plaintiff, in suit of Catharine Scattergood v. Helen T. Kirk. Before McCollum, Mitchell, Fell, Brown and Mestrezat, JJ. Affirmed.

Issue devisavit vel non. Before Beitler, P. J.

The facts appear by the report of the case in 192 Pa. 263, and by the opinion of the Supreme Court, infra.

At the trial defendant presented the following points:

1. If you shall find from the testimony that from about November, 1896, to August, 1897, Mrs. Scattergood lived in the house and company, and had the care of Miss Cummins; that the latter was eighty-eight years of age and had the bodily infirmities incident to such age; that Mrs. Scattergood gave instructions to her own lawyer from which the will and codicil in dispute were drawn, and that she was a beneficiary under the former and the sole beneficiary under the latter, then it was incumbent upon her to show affirmatively in this suit that Miss Cummins with respect to the two papers in dispute had advice independent of any from Mrs. Scattergood and that she had also a full understanding of the effect of the two papers. This not having been done, I direct you to render a verdict for the defendant. *Answer:* I desire before answering that point to call your attention to the fact that while the point recites as an undisputed fact that Mrs. Scattergood gave instructions to her own lawyer from which the will and codicil in dispute were drawn, that is not a fact proved in this case. I mean by that, undisputed. Where there is a conflict of testimony, it is for you to find the fact. There is in this case some testimony which would warrant you in finding that that is stated too broadly; that is to say, Mrs. Scattergood has testified here— and there is no evidence to contradict her on that point—that she never saw Mr. Peterson, or never had any legal business with him prior to the time she went to him to draw Miss Cum-

mins's will; that she got his name from a friend of hers who knew him, and that she reported that to Miss Cummins before she went to Mr. Peterson; and she has likewise said that Miss Cummins dictated her will, or had jotted down her instructions to be put into legal shape as a will, to Mr. Walker, and that Mrs. Scattergood went as Miss Cummins's messenger with the notes jotted down by Mr. Walker to Mr. Peterson's office. I say that merely because the point makes me say to you that if you find that Mrs. Scattergood gave instructions to her own lawyer, to call your attention to the fact that there is a dispute in the testimony upon that point. With this exception, gentlemen, the law that is laid down there is the law that is to govern this case. The balance of the point, "this not having been done, I direct you to render a verdict for the defendant," I decline. [3]

2. The testimony is uncontroverted that the will and codicil in dispute were drawn by the attorney at law of Mrs. Scattergood at her request; that he was not the attorney at law of Miss Cummins and had not seen her; that when she signed them they were not read to her; and that she was then in her eighty-eighth year and bodily feeble, and solely under the care of Mrs. Scattergood; that between December 20, 1896, and January 28, 1897, she divested herself of all her personal property at the instance of Mrs. Scattergood, amounting to $4,900, in her favor, who took possession of it at once. That Mrs. Scattergood was a beneficiary under the alleged will and the sole beneficiary under the codicil, all of which induces the belief that Mrs. Scattergood might have exercised undue influence over Miss Cummins, and the question is not only whether the latter knew what she was doing in signing the alleged will and codicil, but if she did know, how was her knowledge and intention induced? And the burden is upon Mrs. Scattergood to show by evidence that it was not induced by her influence; and that Miss Cummins had a complete understanding of the disposition in these two papers; and that this disposing intention was not brought about through the undue influence of Mrs. Scattergood over Miss Cummins; and since Mrs. Scattergood has not done this, I direct you to render a verdict against her and in favor of the defendant. *Answer :* I decline that point. I have, however, already stated the law, which shows that in

parts that point is a correct statement of law; but where a point is not wholly correct or does not state the facts accurately, the judge ought not to affirm it, I therefore decline it. [4]

*Errors assigned* among others were (3, 4) above instructions, quoting them.

*E. Hunn Hanson*, for appellant.—One standing in a relation of confidence to another must satisfy the conscience of a chancellor that the latter was free from influence by the former when a great property benefit was attempted to be retained to such: Huguenin v. Baseley, 14 Ves. Jr. 273; Savery v. King, 5 House of Lords Cases, 626; Rhodes v. Bate, Law Rep. 1 Ch. App. Cases, 252; Turner v. Collins, Law Rep. 7 Ch. App. 329.

*Albert E. Peterson*, for appellee, cited, Coale v. Smith, 4 Pa. 376, Neff's App. 48 Pa. 501, and Caldwell v. Anderson, 104 Pa. 199.

OPINION BY MR. JUSTICE FELL, March 26, 1900:

The first and second assignments have not been pressed, and as regards the third and fourth we are asked to consider not merely technical errors, but whether under all the testimony the case should have been withdrawn from the jury by peremptory instruction to find for the defendant. The issue was devisavit vel non. It was conceded that the testatrix was of sound and disposing mind, and was possessed of testamentary capacity. The contest was confined to the question of the use of undue influence in procuring the execution of the will or codicil.

At a former trial of the same issue it appeared that the plaintiff, who takes one half of the estate under the will and is the sole beneficiary under the codicil, stood in a relation of trust and confidence to the testatrix, who was a woman eighty-eight years of age; that she had assumed the control of the house and servants of the testatrix, and had expressed her intention to have her property after her death; that she had procured her own attorney to draft the will, and that he had acted entirely upon her suggestions; that at the time of the execution of the will it was not read to the testatrix, and that she in no way indicated that she knew that it was a will, and that the subscribing witnesses did not know that it was a will. In view

of this and other testimony presented at the trial it was held, in reversing the judgment, that the presumption of the exercise of undue influence had not been rebutted, and that a verdict against the plaintiff should have been directed.

At the second trial a different state of facts was presented by the testimony. That as to the age and infirmities of the testatrix, and as to the confidential relations existing between her and the plaintiff, was the same; but there was no proof of declarations of the plaintiff indicating a purpose on her part to secure the estate, and there was testimony that before signing the codicil the testatrix read it, and that it was not signed in the presence of the plaintiff, and that no representations were made or inducements presented by any one. At the former trial it seems to have been assumed that Mr. Peterson, who wrote the will, was the plaintiff's attorney. The testimony at the second trial relating to his employment was that the testatrix told the plaintiff she was going to make her will; that the plaintiff procured paper, and being at the time unable to write, called on a boarder in the house to write for her. At her direction he wrote down what the testatrix had told her. Neither she nor the testatrix had ever had occasion to consult an attorney. On inquiry of a friend Mr. Peterson was recommended to the plaintiff, and after communicating this to the testatrix she called on Mr. Peterson by her direction and gave him the memorandum mentioned, from which he wrote the will. He afterward prepared the codicil on information received from the plaintiff and sent it to the testatrix by a notary, in whose presence it was executed. This testimony would indicate that in securing the services of an attorney the plaintiff was acting for the testatrix and not for herself. Whatever doubt as to its correctness was raised by the cross-examination it was for the jury; the court could not have said that the will was drawn by the plaintiff's attorney. The contestant was a beneficiary under a former will; the plaintiff was the first cousin of the testatrix, and her only surviving relative, and in the case of intestacy would have taken her whole estate. As against her the same presumption does not arise as in the case of one who is a stranger to the blood: Caldwell v. Anderson, 104 Pa. 199. We think the case was necessarily for the jury.

The judgment is affirmed.