# Keller, Appellant, *v.* Keller.

*Wills—Issue devisavit vel non—Undue influence—Instructions to jury.*

In the trial of an issue devisavit vel non in which it was alleged the will had been procured by the exercise of undue influence upon a mind impaired by disease, the court committed no error in instructing the jury as follows: "Acts of kindness, consideration and attention may not be considered as undue influence, unless such acts are carried out with the purpose and design of subjugating the mind of the person making the will to the influence, the power and the direction of the person exercising the influence, and thus depriving the testatrix of her free will, free act and free agency."

Argued Jan. 23, 1913. Appeal, No. 159, Jan. T., 1912, by plaintiffs, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1910, No. 4365, on verdict for defendants in case of Solomon Keller, Executor of a paper writing purporting to be the last will and testament of Sarah Elwell, deceased; Solomon Keller, Mary E. Keller and Sue Witkowsky v. Harrison Keller, Jacob Keller, Susan Nutto, Mary A. Springer and Jennie Caldwell. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trial of issue devisavit vel non. Before DAVIS, J.

The opinion of the Supreme Court states the case.

The jury rendered a verdict for defendants. Plaintiffs made motions for new trial and judgment n. o. v., which were overruled, and judgment was entered on the verdict. Plaintiffs appealed.

*Errors assigned,* inter alia, were various instructions to the jury.

*David R. Griffith, Jr.,* for appellants.

*Isaac Hassler,* for appellees.

PER CURIAM, February 24, 1913:

The trial was of an issue devisavit vel non in which it was alleged by the contestants that the will had been procured by the exercise of undue influence on a mind impaired by disease. The only exception taken at the trial was to the following excerpt from the charge: "Acts of kindness, consideration and attention may not be considered as undue influence, unless such acts are carried out with the purpose and design of subjugating the mind of the person making the will to the influence, the power and the direction of the person exercising the influence, and thus depriving the testatrix of her free will, free act and free agency." In this there was no error.

The judgment is affirmed.