## Koons's Estate.

*Wills — Probate—Contest—Undue influence—Confidential relation—Sisters—Unjust will—Evidence—Burden of proof.*

1. In order to constitute undue influence, sufficient to avoid a will, there must be imprisonment of the body and mind, fraud or threats, or misrepresentations, or circumvention, or inordinate flattery, or physical or moral coercion, to such a degree as to prejudice the mind of the testator, to destroy his free agency, and to operate as a present restraint upon him in making the will.

2. Where testamentary capacity has been clearly established, the burden of establishing undue influence is on contestant.

3. Where the beneficiary of the will is a sister of testatrix, the fact that there was a confidential relation between them does not change the burden of proof, if there is no proof of extreme infirmity or mental weakness of testatrix.

4. Mere persuasion or solicitation will not constitute undue influence.

5. The fact that testatrix changed her will in favor of a sister after the latter had come to live with the former, is not material as showing undue influence.

6. The object of making a will is to change the distribution provided by the intestate laws and the object of making a new will is to depart from the provisions of the old one.

7. A new will cannot be set aside merely because it departs from the old, or because it seems unjust.

Argued May 8, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 91, Jan. T., 1928, by Thomas Grier Koontz, from decree of O. C. Cumberland Co., refusing to award an issue devisavit vel non, in estate of Nina Brewster Koons, deceased. Affirmed.

Application for issue devisavit vel non. Before BIDDLE, P. J.

The opinion of the Supreme Court states the facts.

Issue refused. Thomas Grier Koontz, beneficiary under former will, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Joseph P. McKeehan,* with him *Forrest E. Mercer,* for appellant.—There was sufficient evidence of undue influence: Reichenbach v. Ruddach, 127 Pa. 564; Logan's Est., 195 Pa. 282; Miller's Est., 179 Pa. 645, 652; Yardley v. Cuthbertson, 108 Pa. 395; Boyd v. Boyd, 66 Pa. 283; Logan's Est., 195 Pa. 282; Robinson v. Robinson, 203 Pa. 400; Scattergood v. Kirk, 192 Pa. 263.

That declarations of a testator showing his state of mind (content or discontent) with respect to the disposi-

tion of his property, are admissible when undue influence is alleged, has been repeatedly decided: Herster v. Herster, 116 Pa. 612, 627; Swope v. Donnelly, 190 Pa. 417, 420; Gfeller v. Lappe, 208 Pa. 48, 50; Lappe v. Gfeller, 211 Pa. 462, 471.

*John R. Geyer,* with him *Samuel E. Basehore* and *Paul G. Smith,* for appellee.—Proponent established the validity of the will of September 4, 1924, and the burden shifted to the contestant to prove his charges: Lawrence's Est., 286 Pa. 58; Wertheimer's Est., 286 Pa. 155; Egbert v. Egbert, 78 Pa. 326; Palmer's Est., 219 Pa. 303; Phillips's Est., 244 Pa. 35; Wolfe's Est., 284 Pa. 169.

OPINION BY MR. JUSTICE WALLING, June 30, 1928:

This appeal is from the refusal of the orphans' court to award an issue in a will contest. The decedent, Nina Brewster Koons, widow of the late Dr. P. R. Koons, of Cumberland County, died April 30, 1925, childless, and what purported to be her last will was duly offered for probate by her sister, Narcissa Brewster Craig, the proponent. A caveat against the probate having been filed by Thomas Grier Koontz (appellant), and his brother, Jacob, legatees under an earlier will and contestants; by agreement the record was certified to the orphans' court. The contest was on the ground of lack of testamentary capacity and undue influence. The former was abandoned below and the latter only is urged on this appeal. The estate involved, amounting to approximately $50,000, came to the decedent as sole legatee under the will of her late husband, who died in 1921. She continued to occupy the family home at Mechanicsburg, and in February, 1924, executed a will in which the contestants, nephews of Dr. Koons, were given substantial legacies. In April, 1924, the proponent, a widow, and former resident of Harrisburg, went to reside with Mrs. Koons, who was five years her senior. Mrs. Craig

took up the position of working housekeeper and Catherine Baker, a domestic of twenty-five years' service in the family, and for whom the earlier will makes provision (as it also does for a local church), left. Thereafter, Mrs. Koons manifested a different attitude, not only toward Miss Baker, but toward the contestants and also, so far as related to financial aid, toward her church. On May 27, 1924, she made and signed a will giving the home to the proponent, reducing the legacies to the husband's nephews above mentioned, making proponent and her four brothers residuary legatees and omitting Miss Baker and the church. This document was found among her papers, unwitnessed. On the fourth day of the next month (June), Mrs. Koons and Mrs. Craig visited the Harrisburg Trust Company, of which the latter was a customer, and had the trust officer make draft of a will for the decedent, following, in general, that of May 27th. In both, proponent was named as executrix. This draft. was not executed, but on September 4, 1924, the two ladies again visited the trust company where at their suggestion changes in the draft were made by which Mrs. Craig received a money legacy of $15,000 in place of $200 and the nephews, above mentioned, who had been given $7,000 each in the February will and $3,000 each in the draft, were entirely omitted. Thus changed, the will was prepared by the trust officer who read and explained it to Mrs. Koons by whom it was duly executed. She was a refined and intelligent woman, seventy years of age, in the possession of her faculties, and competent to transact business, although having high blood pressure and some form of Bright's disease. She had kept her husband's books during his lifetime and after his death managed the estate and was at least as experienced and capable in business affairs as the average American woman in like circumstances. Some months after making this will her eyesight failed and on February 22, 1925, she became partially disabled by a slight stroke and entirely so by another on March 3d. During the

winter of 1925 Mrs. Koons transferred or attempted to transfer practically all of her property, real and personal, to Mrs. Craig.

Testamentary capacity being clearly shown and in fact conceded, the orphans' court properly held that the burden of establishing undue influence was upon the contestant. The court found there was a confidential relation between the sisters, but correctly held that inasmuch as Mrs. Craig was a near relative, entitled to share under the intestate laws and there was no proof of extreme infirmity or mental weakness, the confidential relation did not change the burden of proof. See Wolfe's Est., 284 Pa. 169; Gongaware et al. v. Donehoo et al., 255 Pa. 502; Hook's Est., 207 Pa. 203; Scattergood v. Kirk, 195 Pa. 195; Friend's Est., 198 Pa. 363; Caldwell v. Anderson, 104 Pa. 199. To shift the burden of proof in such case, the testator must be suffering under extreme infirmity or mental weakness (Gongaware et al. v. Donehoo et al., supra), of which this record presents no evidence. At the time of making her last will, Mrs. Koons was keeping her own accounts, drawing her own checks, paying her own bills, clipping her own coupons, visiting with her own friends, taking long walks, sometimes several miles in a day, attending church and going about as usual. True, she was frequently accompanied and, in business matters, assisted by Mrs. Craig, as might be expected of sisters living together. Miss Coover, a witness for contestants, said Mrs. Craig told her she had taken over Mrs. Koons's business, but their conversation referred merely to the increase and payment of the rent on a garage of which witness was the tenant. This and some other incidents seem to indicate that proponent was more assertive than her sister. Mrs. Koons gave her pastor, as a reason for declining to make the promised subscription for the repairs of the church, that her finances, once settled, had become in a chaotic condition, which she was unable to remedy. This was about the time the will in question

was executed, but it is only a surmise that she had reference to the changes there made. That she declined the assistance of the trust officer in the local bank and had the will prepared in Harrisburg, a few miles away, may or may not have been at the suggestion of Mrs. Craig, and is not a potent circumstance. A former will had given Catherine Baker a life use of the Koons home. There was testimony that Mrs. Craig complained because her sister had provided a home for Miss Baker and none for her. And that later in the summer when Mrs. Craig spoke of the depreciation of her Harrisburg property, Mrs. Koons said she would give her $15,000. There is no evidence that proponent urged a change in the will or tried to persuade her sister to increase her legacy, although persuasion and solicitation will not constitute undue influence (Englert v. Englert, 198 Pa. 326), neither will acts of kindness: Kustus v. Hager et al., 269 Pa. 103; Keller v. Keller, 239 Pa. 467. That Mrs. Koons permitted her sister to have occasional access to her safety box in the bank is of little moment. Probably the strongest circumstance is the changed attitude of Mrs. Koons toward her husband's nephews and in favor of her sister, after the latter came to reside with her. But that does not establish undue influence. Had Mrs. Koons died intestate, her relatives and not those of her husband would have received the entire estate. While the first will was perhaps more equitable, the last was more in accord with common experience. A new will cannot be set aside merely because it departs from the old, or because it seems unjust: Guar. T. & S. D. Co., Guar. v. Heidenreich et al., 290 Pa. 249. The object of making a will is to change the distribution provided by the intestate laws and the object of making a new will is to depart from the provisions of the old. That Mrs. Craig went with her sister when the will was executed or even assisted in its preparation is not important. See Ahlberg et al. v. Gurley et al., 284 Pa. 491; White's Est., 262 Pa. 357. Being a widowed sister, apparently

not in affluent circumstances, and approaching old age, proponent was the natural object of the bounty of Mrs. Koons and as such remembered in each of the wills called to our attention. We have examined with care all the evidence and considered all the circumstances in this case and agree with the orphans' court that they fail to make a prima facie case of undue influence. The definition of which, as given by the present chief justice, in Phillips's Est., 244 Pa. 35, 43, with numerous authorities cited in support thereof, follows: "In order to constitute undue influence sufficient to void a will, there must be imprisonment of the body or mind,......fraud, or threats, or misrepresentations, or circumvention, or inordinate flattery, or physical or moral coercion, to such a degree as to prejudice the mind of the testator, to destroy his free agency and to operate as a present restraint upon him in the making of the will." To like import see opinion of Mr. Justice FRAZER, in Gongaware et al. v. Donahoo et al., supra. As contestants' evidence wholly fails under the rule above stated, it is unnecessary to weigh that offered for proponent. There are some circumstances, other than above mentioned, but, taken as a whole, contestants' proof is of dubious import and as consistent with the absence as with the presence of undue influence; hence, it could not be submitted to a jury. See Phillips's Est., supra; Tetlow's Est., 269 Pa. 486. "To sustain allegations of undue influence, contestants must show that testator's mind was under its control at the time and in the very act of making his will." (Tetlow's Est., supra; Phillips's Est., supra; Buechley's Est., 278 Pa. 227; Englert v. Englert, supra), of which there was no proof in the instant case. A will cannot be set aside because of some unusual features or suspicious circumstances: White's Est., supra. See also Buechley's Est., supra. Weakness of mind is competent as bearing on the question of undue influence and may be shown by any competent evidence (Robinson v. Robinson, 203 Pa. 400; Herster v. Herster, 122 Pa.

239), but here there was substantially no evidence thereof before or at the time of making the will. The question here is as to the validity of the will made September 4, 1924, and not of attempted transfers made by Mrs. Koons several months thereafter. As to the latter we express no opinion.

The decree is affirmed and the appeal is dismissed at the cost of appellant.