## Lindeman's Estate.

Argued March 15, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, RHODES, and HIRT, JJ.

*Paul A. Mueller,* of *Windolph & Mueller,* for appellant.

*William C. Rehm,* for appellee.

OPINION BY RHODES, J., July 19, 1940:

The last will and testament of Katie Myer Lindeman as probated and offered in evidence in the court below contained a residuary clause as follows: "Fourth: I give, devise and bequeath unto my Daughter Anna Margaret Lindeman, ~~my Son, John Adam Lindeman,~~ my daughter Emma Elizabeth Lindeman Kreider, and my Son George William Lindeman, the remainder of My Estate, real, personal or mixed, of whatever nature or kind, the same to be divided equally among them or their heirs or assigns." A line had been drawn through the words "my Son, John Adam Lindeman," by means of ink. The will is dated December 31, 1928, and a codicil thereto is dated June 29, 1931. Testatrix died June 22, 1938; John Adam Lindeman predeceased her on May 21, 1936, leaving to survive him his widow, Maude M. Lindeman, appellee herein.

In the adjudication one-fourth of the residue of the estate was awarded to appellee. To this award the three surviving residuary legatees filed exceptions, which were dismissed by the court below. Emma Elizabeth Lindeman Kreider, one of the residuary legatees, has appealed.

In the opinion of the court below it is said: "In the absence of proofs to the contrary, the presumption is that the testatrix herself canceled out the words or they were stricken out at her request. It would be most natural, and we so conclude, that it was done in 1936

after the son John Adam Lindeman died. By doing so, she did not alter or change the provisions of her will, but only confirmed the happening of an event by reason of her son's death. It can have no other legal effect. The legacy of the son was annulled by his death and not by any act of the testatrix." That is, the striking of John's name from the will was but a recognition of his death, and was not done animo cancellandi. From this premise the court proceeded to hold that the bequest to "them or their heirs or assigns" was substitutionary, thereby permitting appellee, John's widow, to take his share as "heir." The decree must be reversed.

Section 20, paragraphs (a) and (b), of the Wills Act of June 7, 1917, P. L. 403, 20 PS §§ 271, 272, provides for the revocation of wills by testators. [1]

We think the facts disclose that there was such "canceling" or "obliterating" of the bequest to appellee's husband as to eliminate his participation in the residuary estate as if the portion canceled or obliterated had

---

[1] "Sec. 20 (a)

"No will in writing, concerning any real estate, shall be repealed, nor shall any devise or directions therein be altered, otherwise than by some other will or codicil in writing, or other writing declaring the same, executed and proved in the manner hereinbefore provided; or by burning, canceling, obliterating, or destroying the same by the testator himself, or by someone in his presence and by his express direction."

"Sec. 20 (b)

"No will in writing, concerning any personal estate, shall be repealed, nor shall any bequest or direction therein be altered, other wise than as hereinbefore provided in the case of real estate, except by a nuncupative will made under the circumstances set forth in section four of this act, and also committed to writing in the lifetime of the testator, and, after the writing thereof, read to or by him and allowed by him, and proved to be so done by two or more witnesses."

These sections are sections 13 and 14 of the Act of April 8, 1833, P. L. 249, which were repealed by section 27 of the Act of June 7, 1917, P. L. 403.

never been written. Drawing a line through the words of a bequest *(Tomlinson's Estate,* 133 Pa. 245, 19 A. 482; *Cummins' Estate,* 37 Pa. Superior Ct. 580), or through the signature of testator (*Evans' Appeal,* 58 Pa. 238; *Baptist Church v. Robbarts,* 2 Pa. 110), has been held a compliance with the statute. See *Baker's Estate,* 331 Pa. 33, 200 A. 65.

After her death deceased's will was found in a safe in her home. An inference arose that the drawing of the line through the portion of her will previously indicated was the act of testatrix. *Baptist Church v. Robbarts,* supra. No evidence was offered to rebut it. The auditing judge found that "the words 'my Son, John Adam Lindeman' were stricken out of the will by ink marks since its execution," and there is testimony to support such finding. The gift to John was effectively revoked by testatrix. "To revoke a testamentary disposition plainly means to annul it so that, in legal contemplation, it ceases to exist and becomes as inoperative as if it had never been written": 68 C. J. 797, §478. See Wills Act, supra, §15 (c), 20 PS §253. Consequently, "them or their heirs or assigns" could refer only to the three residuary legatees remaining.

This interpretation of the will carries out the unmistakable intention of the testatrix, and does not produce an unnatural dispository scheme. John had no issue. The gift is confined to the blood, a preference commonly exhibited in wills, and always recognized in statutes regulating the descent and distribution of property in cases of intestacy.

The first and tenth assignments of error are sustained.

The decree of the court below is reversed, and the record is remitted with direction to modify the adjudication in accordance with this opinion, and make the distribution accordingly. Costs are to be paid by appellee.