Sando Will.

Argued April 11, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Frank J. McDonnell,* with him *W. J. Fitzgerald* and *Edward J. Kelly,* for appellants.

*Edward T. Jordan,* with him *M. J. Martin,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 23, 1949:

This is an appeal from a decree of the Orphans' Court of Lackawanna County sustaining an appeal from a decree of the Register of Wills refusing to probate paper writings purporting to be the will and codicil of the late Judge M. F. Sando who, for many years, was President Judge of the Orphans' Court of that county.

Decedent died on September 10, 1945. A week or ten days after the death an envelope was found in decedent's locked roll top desk in his court chambers, in which was the questioned will and codicil, fastened by permanent metal eyelets with a backer or manuscript cover on which was typed "Will of M. F. Sando, Will and Codicil." Both papers were signed by decedent and the codicil was witnessed by two individuals who proved

their signatures. In the envelope were also found three unsigned memoranda, in decedent's handwriting, attached to the will and codicil by a moveable paper clip. In the envelope the will of decedent's widow was also found.

The will and codicil had penciled marks of obliterations and cancellations thereon and read as follows:

"I, M. F. Sando, of the city of Scranton, County of Lackawanna and state of Pennsylvania, being of sound mind, memory and understanding, do make, publish and declare this to be my last will and testament, hereby revoking and making void any and all former wills by me at any time heretofore made.

"FIRST: I direct that all my just debts and funeral expenses be in the first place fully paid and satisfied.

"SECOND: ~~As to all the rest, residue and remainder of my estate, be the same real, personal or mixed, or wheresoever situate or to which I may in any way be entitled at the time of my death, I give, devise and bequeath to my two sons, Joseph B. Sando and Francis B. Sando and my granddaughter, Eleanor Sando, to be divided equally among them, share and share alike, to be theirs, their heirs and assigns forever.~~

wife Mary L. Sando

"I nominate, constitute and appoint my ~~son, Francis B. Sando~~ and M. J. Moffitt to be the executors of this my last will and testament, ~~and direct them to convert all of my real estate into cash as soon after my death as may be, for the best price obtainable for the same, and I hereby authorize and empower my said executors to sell, assign, transfer and set over any and all of my real estate, and to make good and sufficient deeds for same, as I myself could do if living.~~

"IN WITNESS WHEREOF I have hereunto set my hand and seal this 19th day of March, 1935.

4

"Signed, sealed, published and declared by the above named testator, as and for his last will and testament, in the presence of us, who at his request and in his presence and in the presence of each other have hereunto subscribed our names as witnesses.

M. F. Sando    (Seal)

,,

Under Section 20 (a) of the Wills Act of June 7, 1917, P. L. 403, 20 PS 271, a will may be revoked by ". . . cancelling, obliterating, or destroying . . . by the testator. . . ." Cancellation and revocation of a bequest are effected by lines drawn thereon: *Heller Estate,* 158 Pa. Superior Ct. 194, 44 A. 2d 528. As the decedent had custody of the will it is presumed the cancellation was the act of decedent: *Baptist Church v. Robbarts,* 2 Pa. 110; *Wood's Estate,* 247 Pa. 377, 93 A. 483; *Heller Estate,* supra. The undestroyed part of a will, complete in itself, is probatable as the will of the testator: *Sheaffer's Estate,* 240 Pa. 83, 87 A. 577.

The uncancelled portion of the will revokes all other wills, directs payment of debts and funeral expenses and appoints executors. A writing appointing an executor is a will though no disposition is made of the estate: *Rose v. Quick,* 30 Pa. 225; *Douglas's Estate,* 303 Pa. 227, 154 A. 376. As there is no disposition of the residue an intestacy results by implication. The omission may not be regarded as accidental. It may have been the deliberate act of testator. As the late Judge PENROSE, of the Philadelphia Orphans' Court, said in *Wunder's Estate,* 13 District Reports 197, 198: "We have no right to assume that the absence of a residuary clause was an accident. . . ." See: *DeSilver's Estate,* 142 Pa. 74, 21 A.

882; *Nebinger's Estate,* 185 Pa. 399, 403, 39 A. 1049; *Corr's Estate,* 202 Pa. 391, 51 A. 1032.

The codicil reads as follows:

"~~I, M. F. Sando, of the city of Scranton, County of Lackawanna and State of Pennsylvania, being of sound mind, memory and understanding, do make, publish and declare this to be a codicil to my last will and testament dated the 19th of March, 1935.~~

"Second ~~First~~: I give, devise and bequeath to St. Patrick's Orphanage of Scranton, Pennsylvania, the sum of Twenty-five Hundred Dollars, ($2,500.00).

"Third ~~Second~~: I give, devise and bequeath to St. Joseph's Children's and Maternity Hospital, commonly known as The Foundling Home, located in the Borough of Dunmore, County of Lackawanna and State of Pennsylvania, the sum of Twenty-five Hundred Dollars ($2,500.00).

"Fourth ~~Third~~: I give, devise and bequeath to the Little Sisters of the Poor, commonly known as The Maloney Home, located in Scranton, Pa. the sum of Twenty-five Hundred Dollars ($2,500.00).

"In all other respects I ratify and confirm my said will dated March 19, 1935.

"IN WITNESS WHEREOF I have hereunto set my hand and seal this 21 day of June, 1944.

"Signed, sealed, published and declared by the above named testator as and for a codicil to his last will and testament, in the presence of us, who at his request, and in his presence and in the presence of each other, have hereunto subscribed our names as witnesses hereto. 〉 M. F. Sando (Seal)

M. J. Moffitt

John Kozak.                    "

As this writing is signed and witnessed by proven signatures it is entitled to be probated as a codicil to the will which it purports to amend.

The three unsigned memoranda on separate pieces of paper are not connected in their internal sense and were not even fastened to the will and codicil except by the moveable nonmutilating paper clips. They therefore formed no part of testator's will: *Baker's Estate,* 331 Pa. 33, 200 A. 2d 65; *Baldwin Will,* 357 Pa. 432, 55 A. 2d 263.

Appellants, the sons of testator, maintain that the cancellation and obliteration, while partial, nevertheless indicate an intention of decedent to revoke the entire testamentary document and to die intestate. It is argued that testator's remarriage after the date of the codicil and the physical situation of the papers offered for probate indicate and strengthen such intent. Great reliance is placed upon the decision of this Court in *Evans's Appeal,* 58 Pa. 238. It is true that in that case it was held that the destruction by cancellation was complete even though fragments of the will remained, *but there was a line drawn through the signature* which alone revoked the will. *Burtt Will,* 353 Pa. 217, 44 A. 2d 670, has no application to the present one. There the question related to the revival of a revoked will. As the writings offered for probate complied with the provisions of section 2 of the Wills Act of June 7, 1917, P. L. 403, 20 PS 191, such writing may not be revoked by parol. Any oral evidence of testator's expressed intention was therefore properly excluded.

Decree affirmed at cost of appellants.