## Rife Estate

*George C. Eppinger*, for exceptants.

*George E. Wenger*, for estate.

WINGERD, P. J., March 3, 1954.—Emma C. Rife died May 4, 1951, leaving a last will and testament dated February 2, 1949. The will was in a blue cover or back.

There were numerous cancellations in the will by means of drawing lines through certain words. There were also many notations on the will and on the blue back, none of which were executed by testatrix, and which seemed to indicate, taken in connection with the cancellations on the will, that testatrix was intending to make a new will and was making notes as to its contents. There is no appeal from the probate of the will. There is no question that the will was in the possession of testatrix and her attorney until the time of her death. There is also no question that the cancellations and notations were in the handwriting of testratrix and were added after the original execution of the will, which was witnessed by two witnesses. There was a contention concerning the effect of the cancellations appearing in the will and the matter was referred to an auditor to whose report exceptions were filed. No exceptions were filed to the auditor's findings of fact but only to his decision of the effect of certain cancellations. The fourth paragraph of the will appears as follows, including cancellations and notations:

"Fourth: I give, devise and bequeath to the children of my deceased niece, Blanche Grove Christman, the sum of ~~One Hundred ($100.00)~~ Dollars, as follows:
500 each
To Ambrose Christman, George Christman, Warren Christman, Edna Knoll, Catherine Knoll and Mildred Bingham."

The cancellation of the words "One Hundred ($100.00)" was in ink, the words "500 each" were written in lead pencil in approximately the location shown in the foregoing copy of the paragraph. Some of the notes on the face of the will were made in lead pencil and some in ink. All of the notations made on the back of the will and the blue cover were made in ink. Among the notations on the inside of the blue cover of the will we find:

"My deceased niece Blanche Grove Christman children" and below that "Blanche Grove Christman children 500 five hundred each Ambrose Ch George Ch Waren Ch Edna Knoll Catherine Knoll Mildred Ch Bingham."

The law is clear that certain portions of a will may be canceled without revoking the entire will (The Estate of Wells Tomlinson, Deceased, 133 Pa. 245, 248, Sando Will, 362 Pa. 1, 4,), and the only question raised in relation to the fourth paragraph is the fact that the auditor decided that the cancellation of the words "One Hundred ($100.00)" constitutes a revocation of the bequests to the persons named therein. It is our opinion that the clause as originally written bequeathed $100 to each of the persons named therein. There is no serious contention that this is not correct. The contention of exceptants is that the cancellations do not revoke the bequests as originally written because the intention of testatrix was not to revoke the bequests of $100 each but the cancellation was with the intention of raising those bequests to $500 each and that, therefore, as there was no intent to revoke by the cancellation and intention is a necessary element in any revocation, there was in the instant case no revocation.

It is entirely true that when a bequest or clause in a will is canceled there is a presumption that the cancellation was made with the intent to revoke the bequest, devise, clause or other portion of a will which was cancelled: Heller Estate, 158 Pa. Superior Ct. 194, 44 A. 2d 528.

The Wills Act of 1917 provides that a will could be revoked, among other ways, by cancellation: Sec. 20 (a) and (b) of the Wills Act of June 7, 1917, P. L. 403.

The Wills Act of April 24, 1947, P. L. 89, in section 5 thereof provides,

"No will or codicil in writing, or any part thereof, can be revoked or altered otherwise than;

"3. Act to the document. By being burnt, torn, cancelled, obliterated or destroyed, with the intent and for the purpose of revocation, by the testator himself or by another person in his presence and by his express direction. If such Act is done by any person other than the testator, the direction of the testator must be proved by the oaths or affirmations of two competent witnesses."

This act became effective on January 1, 1948, and applies only to the wills of all persons dying on or after that date. It will be noticed that testatrix, in the instant case, died May 4, 1951.

Although the Pennsylvania cases and the authorities generally, (Page on Wills. vol. 1, page 780), seem to recognize that a revocation operates only if done with the intention to revoke, the Wills Act of 1917 did not so provide definitely. However, the Wills Act of 1947, sec. 5(3) definitely provides that all acts to the document itself of the character therein referred to must be done "with the intent and for the purpose of revocation" in order to constitute a revocation of a will or a codicil or any part thereof.

No doubt the presumption to revoke still exists but it certainly is a rebuttable presumption. In the instant case, we have a cancellation of a certain portion of paragraph 4 of testatrix's will. Lines are drawn through that portion. Cancellation of a bequest can be effected by lines drawn through it: Heller Estate, 158 Pa. Superior Ct. 194, 197, 44 A. 2d 528; Sando Will, 362 Pa. 1, 4. The auditor has found that the cancellation was the act of decedent. No exceptions were filed to this finding of fact and there was in the record proper basis for such finding.

The question now is: Was the cancellation made with the intent to revoke? If it was, the bequests are revoked. If it was not then the bequests must be con-

sidered as if the cancellation had not been made and are valid.

It will be noticed that merely the amount of the bequest is canceled, namely, "One Hundred ($100.00)" and not the subject matter of the bequest, namely, "Dollars". If we read the paragraph with the cancellation it bequeaths "Dollars" in an indeterminate amount to the legatees named therein. Beside the canceled portion are the words "500 each" and if the paragraph is read with these words inserted it reads: "I give, devise and bequeath to the children of my deceased niece, Blanche Grove Christman, the sum of dollars 500 each as follows, or the sum of 500 each dollars as follows." As we have stated, on the blue paper back we find notations in which these same legatees are named in connection with "500 each". It seems entirely clear to this court that there was no intention on the part of testatrix to revoke the $100 bequests but her intention was to increase the bequests to $500 each and that the striking out of the "One Hundred ($100.00)" was merely part of the notation that the bequest was to be raised to $500 each. This conclusion is strengthened by the fact that the word "Dollars" was not canceled, for that shows no intent to revoke the bequest but merely an intention to change the amount of the bequest. It is also clear that the notation "500 each" cannot operate as a codicil or change in the will for, although she may have intended it to be such, in addition to being a notation, it was not executed in accordance with the provision of the Wills Act of 1947. We conclude that the legatees named in the fourth paragraph of decedent's will are each entitled to a legacy of $100, as the cancellation was not made with the intent to revoke.

The other exception to the auditor's report has to do with the interpretation of the effect of a certain cancellation in the fifth paragraph of decedent's will.

This is the residuary clause of the will and names a number of persons as residuary beneficiaries, among them Paul Grove. Several of the names are canceled, some have figures written over them and the name, Paul, in the name, Paul Grove, is canceled by a heavy line or lines in lead pencil. The auditor found this cancellation to be a revocation of the residuary bequest to Paul Grove. We find nothing that rebuts the presumption that this cancellation was made with intent to revoke Paul Grove's share in the residue and therefore, we affirm the finding of the auditor in this respect.

Now, March 3, 1954, the auditor's report is reversed to the extent set forth in the foregoing opinion and it is ordered that $100 be awarded to each of the persons named in the fourth paragraph of decedent's will, less State transfer and inheritance tax of 10 percent. The auditor's distribution to legatees under the will shall be and is hereby amended to read as follows:

| | |
|---|---|
| To Catherine Keller, a legatee, bequest in will | $900.00 |
| To Dorothy Wingert, (Dorothy Wenger Finafrock) a legatee, bequest in will | 45.00 |
| To Hazel Keller, a legatee, bequest in will | 45.00 |
| To The Salem Cemetery Association, a legatee, bequest in will | 100.00 |
| To Ambrose Christman, a legatee, bequest in will | 90.00 |
| To George Christman, a legatee, bequest in will | 90.00 |
| To Warren Christman, a legatee, bequest in will | 90.00 |
| To Edna Knoll, a legatee, bequest in will | 90.00 |
| To Catherine Knoll, a legatee, bequest in will | 90.00 |
| To Mildred Bingham, a legatee, bequest in will | 90.00 |
| To Elsie Wingert, residuary legatee (Elsie Wenger) | 491.16 |
| To Mary Rife, residuary legatee (Mary Rife Martin) | 491.16 |
| To Harry Grove, residuary legatee | 491.15 |
| To Martin Grove, residuary legatee | 491.15 |
| To Roy Grove, residuary legatee | 491.15 |
| To Isaac Grove, residuary legatee | 491.16 |
| To Mary Miller, residuary legatee | 491.16 |
| To Austin Group, residuary legatee | 491.16 |
| To Tawney Group, residuary legatee | 491.16 |
| To Robert Group, residuary legatee | 491.16 |
| To Edward Kunkle, residuary legatee | 491.16 |
| To Samuel Rife, residuary legatee | 491.16 |

To John Rife, residuary legatee ...................... 491.16
To Robert Rife, residuary legatee .................... 491.16
To Garnet Rife, residuary legatee .................... 491.16
To Ruth Rife, residuary legatee ...................... 491.16
To Elva Stumbaugh, residuary legatee ................ 491.16

$9,979.69