**Pagel Petition**

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Max Walls,* for petitioner.

KLEIN, P. J., April 30, 1958.—John Ralph Pagel, a minor, over the age of 14 years, petitioned the court to appoint his aunt, Charlotte Leeds, a resident of New York City, as guardian of his estate.

The minor's mother, Irma Pagel, died October 16, 1950. His father, Manfred M. Pagel, died a resident of Philadelphia, on September 24, 1957, and letters of administration upon his estate were issued to his sister, Charlotte Leeds, whose application to the Register of Wills represented that he died intestate.

The minor is entitled to all of his deceased father's estate under the intestate laws and also to the proceeds of an insurance policy on the life of his father in the Federal Employees Group Life Insurance Company in the sum of $9,000.

On May 21, 1951, Manfred M. Pagel, then the minor's surviving parent, executed a holographic instrument, which reads as follows:

"May 21, 1951.

"I, Manfred M. Pagel, being of full age and sound mind and memory, do hereby designate Charlotte Leeds, of 2913 Elmo Place, Middletown, Ohio, as the Guardian of both the person and property of my minor son, John Ralph Pagel, to act and serve as such, and without bond, in the event of my death and in the event of and during any physical or mental disability which I might suffer which would *very incapacitate* me from performing substantially the duties of natural guardian."

What is the effect of this holographic instrument? Is it a valid appointment of Charlotte Leeds as testamentary guardian of both the person and estate of the minor? What property, if any, does it authorize her to receive?

For many years the right of a father to appoint a testamentary guardian of the person and estate of his

minor child by will was absolute. This right, however, has been greatly modified by the legislature over the years. For an excellent discussion of this subject, see Bregy, Pa. Intestate, Wills and Estates Acts of 1947, p. 3701. See also Sheetz' Estate, 6 Dist. R. 367 (1897), opinion by Penrose, J., and Klein's Estate, 38 D. & C. 632 (1940).

Section 18 of the Wills Act of April 24, 1947, P. L. 89, refers to the general subject of the appointment of testamentary guardians of the person and property of minors.

Subsection (a), which deals with guardians of the person, provides as follows:

"(a) Guardian of the Person. *A person competent to make a will*, being the sole surviving parent or adopting parent of any unmarried minor child, *may appoint* a testamentary guardian of the person of such child during his minority, or for any shorter period: Provided, That no father who, for one year or upwards previous to his death, shall have wilfully neglected or refused to provide for his child, and no mother who for a like period, shall have deserted her child or wilfully failed to perform her parental duties, shall have the right to appoint a testamentary guardian of the person of such child." (Italics supplied.)

Subsection (b) applies to guardians of the estate of a minor. It was amended by the Act of February 17, 1956, P. L. (1955) 1070, and now provides:

"(b) Guardian of the Estate. *Any person may by will appoint a guardian* of real or personal property passing to a minor upon his death when such property:

"(1) Is devised, bequeathed or appointed to the minor in that person's will.

"(2) Is the proceeds of an insurance or annuity contract on the testator's life, unless the owner of the contract has made an inter vivos designation of a guardian therefor.

"(3) Arises from an inter vivos transfer, the major portion of which constituted a gift from the testator, unless the testator has made an inter vivos designation of a guardian therefor.

"(4) Is a cause of action arising by reason of the testator's death.

"(5) Is a pension or death benefit from an employer of the testator or a society or organization of which the testator was a member.

"(6) Is a tenative trust of which the testator was the settlor." (Italics supplied.)

Let us first address our attention to the question whether the minor's father has validly appointed his sister, Charlotte Leeds, as guardian of the person of the minor.

A comparison of subsection (*a*) and subsection (*b*) discloses that although the statute specifically provides in subsection (*b*) that the appointment of a guardian of the estate of a minor may be made by will, this provision is not found in subsection (*a*) which refers to "a person competent to make a will", but does not describe the nature of the writing by which such appointment may be made.

Did the legislature have any reason for this difference in language? We think not. In our opinion this was an unintentional oversight. The fact that the section in question forms part of the Wills' Act is significant. Why should it be included in this act unless it pertained to the subject of wills? We believe that subsection (*a*) should be construed as if it read as follows:

"(a) Guardian of the Person. A person competent to make a will, being the sole surviving parent or adopting parent of any unmarried child, may appoint (by will) a testamentary guardian of the person of such child during his minority, or for any shorter period: . . ."

It therefore seems clear that Manfred M. Pagel, as surviving parent, was possessed of full and complete

authority to appoint by will a guardian of the person of his unmarried minor son, John Ralph Pagel, petitioner, for the full period of his minority.

But is the holographic paper executed by the surviving parent a valid, effective will?

Neither the Wills Act of 1947, nor any subsequent statute dealing with the estates of decedents, attempts to define what constitutes a will.

In Black's Law Dictionary (4th edition) a will is defined as: "The legal expression or declaration of a person's mind or wishes as to the disposition of his property, to be performed or take effect after his death." Several other definitions are found in this dictionary, but each of them refers to the disposition of property to take effect after death.

Our study of the Pennsylvania cases leads us to the conclusion, however, that a writing may be a will even though no disposition of property is made. All that is necessary is that it set forth a legal direction to take effect after death.

In McCune's Estate, 265 Pa. 523 (1920), Mr. Justice Stewart said, at page 526:

"The definition of a will with which all are most familiar is that given by Blackstone, which, though it has undergone several verbal changes—without improvement, be it said—stands unchallenged for its simplicity and accuracy. A will, Blackstone says, is a legal declaration of one's intention which he wills to be performed after his death. The essence of this definition is that it is the disposition to take effect after the declarant's death."

In Sando Will, 362 Pa. 1 (1949), the Supreme Court held that a writing appointing an executor is a will though no disposition is made of the estate. See also Rose v. Quick, 30 Pa. 225 (1858); Douglas' Estate, 303 Pa. 227 (1931).

In the present case no disposition of property is made in the instrument executed by the minor's father, but, as has been demonstrated herein, this is not an essential element of a valid will in this State. The instrument is in writing. It is signed at the end thereof. It is to take effect after death. Testator appoints a guardian for the person of his minor son, in accordance with the authority vested in him, as surviving parent, by the provisions of the Wills Act of 1947.

We see no difference in principle between a testamentary writing which appoints an executor and one appointing a guardian. We therefore conclude that this writing is a will and should be submitted to the register of wills for probate.

Let us assume for the purposes of this discussion that this paper has been duly probated. We have concluded that it would serve as a valid appointment of Charlotte Leeds as guardian of the person of the minor. Will it also serve to appoint her as guardian of the property which the minor will receive by reason of his father's death?

The exclusive authority previously vested in parents to appoint testamentary guardians of the estates of minors has been omitted in the 1947 statute. As it was first enacted the act gave to all testators, whether they be parents of the minors or not, the right to appoint testamentary guardians, but only with respect to property passing by their wills to the minors. The 1956 amendment extended the privilege so that a person making an inter vivos gift to a minor could provide for the management of such property until the minor attains the age of 21.

Property passing under the intestate laws has been omitted from the six classes of property for which a testator can appoint a guardian by will under the 1956 amendment. This seems to be an oversight. The legislature apparently did not contemplate a situa-

tion, such as exists in the present case, in which a testator executes a will appointing a guardian but fails to make any disposition of his property. Decedent's appointment of his sister, as guardian, would therefore not extend to his property passing under the intestate laws, because it is not "devised, bequeathed or appointed to the minor" in his will as required by the statute.

The appointment by decedent of Charlotte Leeds, as guardian of his son, to receive the proceeds of the Federal Employees Group Life Insurance Company is proper and effective. This fund is the proceeds of an insurance contract on testator's life and is covered by subsection (b) (2) of the 1956 amendment, decedent not having made an inter vivos designation of a guardian therefor.

There is serious question concerning the correctness of the register's action in issuing letters of administration to decedent's sister. Perhaps he should have issued letters of administration c. t. a. We need not press this point further, however, because for all practical purposes, distribution can be made by the administratrix after paying transfer inheritance taxes and creditors' claims.

With respect to the petition of the minor requesting this court to appoint his aunt as guardian of his estate, it seems clear that we are without authority to make this appointment, letters of administration having already been issued to her by the register of wills upon her brother's estate. Section 1013(3) of the Fiduciaries Act of April 18, 1949, P. L. 512, specifically provides that the court shall not appoint as guardian of the estate of a minor anyone who is a personal representative or trustee of an estate in which the minor is interested. There can be no question that the minor is interested in his father's estate being the sole heir under the intestate laws.

This prohibition in the act is binding upon us. We therefore enter the following

*Decree*

And now, April 30, 1958, the request of John Ralph Pagel, a minor over the age of 14 years, to appoint his aunt, Charlotte Leeds, guardian of his estate, is denied.