## Herbein Will

*Alan G. Leisawitz,* for petitioner.
*Dawson H. Muth,* for respondent.

OPINION BY WESNER, J., DECEMBER 10, 1980:

This matter is before the court on appeal from the decision of the register of wills in the above estate, denying probate of a writing dated November 1, 1979 as the last will and testament of Esther H. Herbein. A hearing on this matter was held on September 8, 1980.

On May 8, 1979, with the assistance of her attorney, the decedent prepared and executed a will. On November 1, 1979, the decedent requested her attorney to come to her home for the purpose of changing this will. The attorney, at decedent's direction, made certain alterations on the face of the May 8, 1979 will which he dated November 1, 1979. The decedent initialed each alteration and these alterations were witnessed by the attorney and Rose Herbein, the petitioner.

On November 3, 1979, Esther Herbein died. Subsequently, the petitioner attempted to probate this writing, and on June 19, 1980 the register of wills denied probate to this document due to lack of proper execution. On July 8 petitioner filed this appeal from the decision of the register of wills. The sole issue now before this court is whether the writing in dispute was properly executed and entitled to probate.

An examination of this writing reveals it is clearly testamentary in character, containing instructions which the decedent wanted carried out after her death. As this writing is signed and witnessed by proven signatures, it is entitled to be probated, regardless of whether there are legally binding dispositive directions, ineffective directions, or no directions at all. All that is necessary is that it set forth a legal direction to take effect after death: *Steiger Will*, 9 FIDUC. REP. 147. The register of wills apparently considered the entire will of May 8, 1979 revoked because the testatrix had crossed out the dispositive provisions of this will, and found the remaining interlineations dated November 1, 1979 insufficiently executed to create a new will. However, the law is clear that a writing may be a will though no disposition is made of the estate: *Sando Will*, 362 Pa. 1. We find, therefore, the original writing dated May 8, 1979 is a valid will and the entire document is entitled to probate.

Petitioner seeks to establish that the writing as altered

on November 1, 1979 represents the decedent's last will and testament. In the alternative, petitioner argues that in the event the interlineations are found to be ineffective as a will, then the will as written May 8, 1979 should be upheld by application of the doctrine of dependent relative revocation. However, we have found the May 8th will to be entitled to probate, and the question of whether these alterations and interlineations are valid codicils to this will is not before us at this time. Therefore, unless and until they are determined to be invalid as codicils, thereby eliminating all dispositive provisions in the will, we need not decide whether the doctrine of dependent relative revocation would apply.

And Now, December 10, 1980, for the reasons stated above, the appeal of Ruth E. Herbein is sustained, and the register of wills is directed to admit the writing in question to probate as decedent's last will and testament.